B. R. BOGGUS, Appellant,

v.

Lawrence J. MILLER et ux., Appellees.

No. 16608.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 26, 1965.

Rehearing Denied March 26, 1965.

Mullinax, Wells, Morris & Mauzy, and Otto B. Mullinax, Dallas, for appellant.

Cantey, Hanger, Gooch, Cravens & Scarborough, and William B. David, Fort Worth, for appellees.

MASSEY, Chief Justice.

The dispute between the parties grew out of an automobile collision. Plaintiff B. R. Boggus sued the defendants, Mrs. Lawrence J. Miller and her husband, for damages on account of personal injuries and property damage. Not only did the jury fail and refuse to find the defendants guilty of negligence amounting to a proximate cause of the collision, but the jury found that plaintiff was guilty of contributory negligence. The jury not only refused to find that plaintiff sustained any injury as (direct and) proximate result of the collision, but also found that "none" was the sum of money which would reasonably compensate plaintiff for injuries, if any, which he sustained. Answers established that as result of the collision a $100.00 depreciation in the market value of plaintiff's automobile was sustained after he necessarily incurred expenses of $207.55 as the reasonable cost of repairing the damage thereto.

Judgment was rendered for the defendants. Plaintiff appealed.

The plaintiff does not present any point of error which complains because of the findings relating to damages. Neither does any point relate to error which would have had an effect upon proof, or absence of proof, concerning damages. The peculiar situation resulting is that should we conclude that our proper judgment would be to

reverse and render the judgment appealed from we would award plaintiff only such damages as the answers of the jury support. Obviously, plaintiff does not desire such a rendition. His prayer is for a remand.

The collision was of the simpler sort. At night, on a paved highway bearing painted lines for the travel of vehicular traffic in two lanes going east and two lanes going west, the direction of travel for the two automobiles involved was in opposing directions. In other words they were approaching one another. The defendants' automobile was directed into a left-hand turn, across the lane in which the plaintiff's vehicle was being driven, and the right portion of the front end of the plaintiff's vehicle struck into the right rear portion of the defendants'. The only condition varying the form of collision from that with which persons are generally familiar was the presence of two "yellow stripes" in the middle of the highway, denoting that a motorist should not drive to his left so that his vehicle would cross said stripes so long as they persisted in unbroken lines.

■ Vernon's Ann.Tex.Civ.St., art. 6701d, the Uniform Act Regulating Traffic on Highways, at § 62, "Driving on divided highways", contains a provision that every vehicle shall be driven only upon the right-hand roadway and not driven over, across, or within any dividing space except through an opening or space or at a crossover or intersection established by public authority whenever any highway has been divided into two roadways by leaving an intervening space or clearly indicated dividing section so constructed as to impede vehicular traffic. Mrs. Baird's Bakeries, Inc. v. Roberts, 360 S.W.2d 850 (Eastland Civ.App., 1962, writ ref., n. r. e.), held that "solid yellow lines" in the center of a highway constitute such a dividing space as was described in § 62 of the Uniform Act. We agree.

■ The act of a motorist driving to the left across such lines or stripes consti-

tutes negligence per se, obviating necessity to make inquiry of the jury upon the matter of negligence when the fact of the occurrence is indisputably established or found to have occurred by the jury in an antecedent issue. Ordinarily, there would be persistent a necessity for submission of a special issue inquiring whether the action amounted to a proximate cause of any collision. In the instant case necessity therefore was present under the evidence before us. The requirement of foreseeability in connection with proximate cause issues may not be disregarded. The trial court provided in his definition of "proximate cause" that "for an act or omission to become a proximate cause of an injury it must have been reasonably anticipated by a reasonably prudent person in the exercise of ordinary care, that such injury or some similar injury would follow as a natural consequence." There was no objection to the definition.

There was evidence from the defendant, Mary Miller, and from passengers in her automobile that each looked ahead for oncoming traffic before the automobile was turned and driven across the highway; that neither the plaintiff's nor any other vehicle was observed; and (inferentially) that under the circumstances it appeared that Mrs. Miller's act did not seem hazardous as of the time she acted.

The court therefore did not err in submitting the inquiry in Special Issue No. 1 as to whether " * * * the act of defendant, Mary Miller, in driving her automobile across the double yellow stripe of West Division Street, was a proximate cause of the collision in question."

■ The court did not err in refusing to submit an explanatory instruction in connection therewith in the words of § 62 of the Uniform Act Regulating Traffic on Highways. Such instruction would have no necessary relation to the issue on proximate cause, and, as already stated, there was no necessity to submit any issue on negligence. Furthermore, the absence of

such instruction in no way operated prejudicially.

■ The court did not err in refusing to submit to the jury the plaintiff's specially requested issues. The first made inquiry as to whether from a preponderance of the evidence "Mary Miller's failure to turn at a divided section instead of across the yellow stripe was negligence", and the second made inquiry as to whether such negligence, if any, was a proximate cause of the collision. The court submitted the controlling issue relative to whether Mrs. Miller's turning of the defendants' automobile and driving it across onto the left-hand, to her, side of the highway amounted to a proximate cause of the collision. The court assumed Mrs. Miller to have been guilty of negligence. The inquiry posed by the specially requested issues constituted merely a varying phase or different shade of the negligence deemed established as a matter of law and of the factual issue submitted on the question of proximate cause. Texas Rules of Civil Procedure, rule 279, "Submission of Issues", provides that there shall be no reversal of a judgment for the refusal of requested issues in such situations. See also excerpts from an address of Chief Justice Alexander in the "commentaries" following the Rule in Vernon's Annotated Rules of Civil Procedure.

Not covered by what we have stated hereinabove is matter determinative of plaintiff's remaining points of error. By most of said points complaint is made that there was no evidence supporting answers of the jury to special issues, both as applied to the defendant Mary Miller's primary negligence and to the plaintiff's contributory negligence, and also as applied to the jury's finding or failure to find the presence of proximate cause in issues making inquiry thereupon. Alternative thereto, in most instances, was plaintiff's complaint that the answers were against the great weight and preponderance of the evidence.

■ We have examined the evidence in light of the complaints made. We are satisfied that in each instance of complaint there was evidence of probative force and effect supporting the answers returned, and that in no instance was the jury finding against the great weight and preponderance of the evidence. As to the points of error complaining of want of evidence sufficient to support the submission of special issues which the trial court did submit, we are, of course, likewise satisfied that the evidence produced on trial was sufficient to raise the issues.

■ Complaint is presented of the form of contributory negligence issues relative to plaintiff's failure to timely apply his brakes and failure to turn his automobile so as to avoid the collision. Under the factual condition existent we see no reversible error. Points raising the complaints are overruled.

■ In view of our conclusions to the contrary of plaintiff's contention that there was any individual error, we also overrule plaintiff's final point which asserts that the "accumulation of error" was such as deprived him of a fair trial.

Judgment is affirmed.