**STATE ex rel. DIRECTOR OF REVENUE, STATE OF MISSOURI, Relator,**

v.

**Honorable Patricia F. SCOTT, Judge, Circuit Court, Morgan County, Respondent. (Two Cases)**

Nos. 78286, 78287.

Supreme Court of Missouri, En Banc.

March 26, 1996.

Jeremiah W. (Jay) Nixon, Attorney General, James A. Chenault, III, Spec. Asst. Atty. General, Mo. Dept. of Revenue, Jefferson City, for Relator.

Timothy R. Cisar, Lake Ozark, for Respondent.

PRICE, Judge.

· The trial court denied relator's application for a change of judge in two cases because notice of the time for a hearing on the motions was not filed with the application. We issued preliminary writs of prohibition and consolidated the two cases. We have jurisdiction. *Mo. Const. art. V, § 4.* The writs of prohibition are made absolute and respondent is prohibited from taking any further action in these cases other than to grant the applications for a change of judge. ·

### I.

On October 17, 1994, Larry Humphrey filed a petition for trial de novo in the Circuit Court of Morgan County after his driving privileges were revoked pursuant to § 302.525.2(2), RSMo 1994. On November 14, 1994, relator, Missouri Director of Revenue, filed an answer and an application for change of judge pursuant to Rule 51.05.[1] The application was timely served upon Humphrey.

Similarly, on April 19, 1995, Delores Marriott filed a petition for trial de novo in the Circuit Court of Morgan County after her driving privileges were revoked pursuant to § 302.525.2(2), RSMo 1994. On April 28, 1995, relator, Missouri Director of Revenue, filed an answer and an application for change of judge pursuant to Rule 51.05. The application was timely served upon Marriott.

Relator did not, however, provide notice of the time when either of the change of judge applications would be presented to the court. *See Rule 51.05(c).* Instead, both Humphrey and Marriott themselves noticed up the motions for hearing and filed objections to the motions for change of judge based on the failure of the applications to include notice of a time for hearing. The petitioners stated no other basis to oppose the change of judge request.

The applications were considered on May 30, 1995, pursuant to Humphrey's and Marriott's notice. Counsel for relator did not appear. Respondent entered an order overruling relator's applications for change of judge in both cases. Relator sought a writ of prohibition from the Missouri Court of Appeals, Western District, which was denied on August 18, 1995. This petition for writ of prohibition resulted.

### II.

Rule 51.05 provides Missouri litigants with the right to one change of judge, if timely exercised. This is a highly prized right which we have liberally granted. *State ex rel. Horton v. House,* 646 S.W.2d 91, 93 (Mo. banc 1983). It has been described as a right that is "virtually unfettered". *State ex rel. Mountjoy v. Bonacker,* 831 S.W.2d 241

---

1. Rule 51.05 states in pertinent part:
   (a) A change of judge shall be ordered in any civil action upon the timely filing of a written application therefor by any party ... The application need not allege or prove any cause for such change of judge and need not be verified.
   (b) The application must be filed within thirty days after the answer is due to be filed if the trial judge is designated at the time the answer is due.... If the trial judge is not designated at the time the answer is due or, if no answer is due, within thirty days after the filing of the civil action, the application must be filed no later than thirty days after the designation of the trial judge and notification to the parties or their attorneys ...
   (c) A copy of the application and notice of the time when it will be presented to the court shall be served on all parties.

   \*    \*    \*    \*    \*    \*

   (e) Upon the presentation of a timely application for change of judge, the judge promptly shall sustain the application ...
   The criminal procedure change of judge requirements are parallel and contain nearly identical language. See Rule 32.07.

(Mo.App.1992). Generally, the only defenses to such an application are that it has been filed untimely, it has already been exercised once, or it has been waived by allowing the judge to rule on a substantive matter in the case.

It is argued that relator lost this right by failing to include a notice of a time for hearing in her applications. Our court of appeals is split on this issue. In *Atteberry v. Hannibal Regional,* —— S.W.2d —— (Mo.App.E.D. 1995) (No. 68274, decided December 19, 1995),* the eastern district held that Rule 51.05 required only the application to be filed. The southern district held likewise under the parallel Rule 32.07 of criminal procedure. *State ex rel. Mountjoy v. Bonacker,* 831 S.W.2d 241 (Mo.App.1992). The western district, however, has held that the criminal procedure change of judge rule requires notice of hearing as an integral part of the application that must be filed within the thirty-day time restriction. *State ex rel. Jackson v. Thompson,* 661 S.W.2d 677 (Mo. App.1983).

■ The purpose of the notice of hearing requirement is to allow the opposing party the opportunity to contest the application. In both of the cases before us the adverse parties not only had knowledge of the hearing date, they set it themselves. Each had full opportunity to present any evidence or argument opposing the request for a change of judge. The only argument presented, however, was the lack of the notice of a time of hearing to be included in the application. Such a thin procedural argument alone cannot defeat such a significant right. We hold that the failure to include the notice of a date for hearing in an application for a change of judge under Rule 51.05 is not fatal when the application was otherwise *timely filed and timely served* upon the opposing party, a hearing was held in which the opposing parties had an opportunity to contest the application, and no other cause for denying the

motion was presented or apparent to the court.[2]

We note that counsel for the Director did not appear at the hearings. This is certainly poor practice and is not condoned. The trial court's duty in this instance, however, was not discretionary.

### III.

The preliminary writs of prohibition entered herein are made absolute. Respondent is prohibited from taking any action in these cases other than to grant the Director's applications for change of judge.

All concur.

---

* Editor's Note: This case was transferred to the Supreme Court and then retransferred to the Court of Appeals on March 26, 1996. The subsequent opinion appears at 1996 WL 207566.

**2.** It is also argued that relator subsequently waived any objection to the overruling of the application for change of judge by submitting exclusionary dates in response to a motion for trial setting. However, the exclusionary dates were sent to the circuit clerk under the assumption that a new judge had been assigned to the cases. Relator did not waive her objection to respondent's denial of the application under these circumstances.