STATE ex rel. DIRECTOR OF REVENUE, STATE OF MISSOURI, Relator,

v.

Honorable Patricia F. SCOTT, Respondent.

No. WD 51476.

Missouri Court of Appeals,
Western District.

April 16, 1996.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Marvin W. Opie, Tipton, for respondent.

Before HANNA, P.J., and LOWENSTEIN and SPINDEN, JJ.

## ORIGINAL PROCEEDING IN PROHIBITION

HANNA, Presiding Judge.

Russell D. Hedrick filed a petition for a trial de novo pursuant to § 302.535, RSMo 1994, in the Circuit Court of Morgan County concerning the revocation of his driver's license. The relator, Director of Revenue, seeks a writ of prohibition to disqualify the respondent, the Honorable Patricia F. Scott, from proceeding with the trial de novo. We issued a preliminary writ and now make the writ permanent.

At issue is Supreme Court Rule 51.05 concerning a change of judge. Specifically, the issue concerns the notice provision in subsection (c).

The Director filed an application for a change of judge on the same day that it filed its answer, which was within the time requirement mandated by the rule. Rule 51.05(b). The Director did not file or serve a notice of the hearing date. *See* Rule 51.05(c). However, Hedrick filed a notice of the hearing four days after the Director filed the change of judge request.

Respondent argues that notice of the hearing date is necessary in order to allow an opportunity for the opposing party to contest the form, timeliness, and sufficiency of the motion. *In re Buford,* 577 S.W.2d 809, 827 (Mo. banc 1979).

The facts here are identical to those in *State ex rel. Director of Revenue v. Scott,* 919 S.W.2d 246 (Mo. banc 1996). In *Scott,* the Director filed a change of judge without filing a notice of the hearing date. Subsequently, each driver filed a request for a hearing. The Supreme Court found that "the adverse parties not only had knowledge of the hearing date, they set it themselves." *Id.,* 919 S.W.2d at 248. The court held that the notice requirement of the rule was satisfied because both parties had an opportunity to present evidence or argument opposing the application. *Id.*

Because Hedrick had notice of the hearing, he also had a full opportunity to contest the application. No reason is advanced here that there was any contest with the form, timeliness, or sufficiency of the application. Given these facts, *Scott* controls. The preliminary writ of prohibition is made absolute. Respondent is prohibited from taking any action in this case other than to grant the Director's application for a change of judge. The writ is made permanent.

LOWENSTEIN and SPINDEN, JJ., concur.