Tammy Renee and Darryl **ATTEBERRY** individually and as husband and wife and Tammy Renee as guardian ad litem and next friend of Brittany Lynn Atteberry, Plaintiffs/Appellants,

v.

**HANNIBAL REGIONAL HOSPITAL,** Lynn Walley, M.D., and Hannibal Clinic, Defendants/Respondents.

No. 68274.

Missouri Court of Appeals, Eastern District, Northern Division.

April 30, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 4, 1996.

Application to Transfer Denied Aug. 20, 1996.

---

**3.** The parties do not contest the commission's authority for entering into such agreements, so we do not address the issue.

Robert C. Haldiman, Brown & Crouppen, St. Louis, for Appellant.

Marion F. Wasinger, Hannibal, for Hannibal Clinic & Lynn Walley.

Steven S. Wasserman, St. Louis, for Hannibal Regional Hospital.

CRANDALL, Judge.

Plaintiffs, Tammy Renee and Darryl Atteberry, individually and as husband and wife, and Tammy Renee as Guardian ad Litem and next friend of Brittany Lynn Atteberry,[1] appeal from the trial court's dismissal with prejudice of their medical malpractice action against defendants, Hannibal Regional Hospital, Lynn Walley, M.D., and Hannibal Clinic.[2] This dismissal was a sanction for plaintiff's failure to comply with an order compelling her to produce documents and answer interrogatories. We reverse and remand with directions.

This action was originally filed on August 14, 1992, but was voluntarily dismissed without prejudice on March 31, 1993. This is the second time this case has been up on appeal although it has never been to trial.[3] Plaintiff

---

1. For the purposes of this opinion, we will refer to the plaintiffs in the singular.

2. On December 19, 1995, this court issued an opinion in this cause. Subsequently, this cause was transferred to the Missouri Supreme Court, by order of that court. On March 26, 1996, the supreme court entered an order retransferring the cause to this court for reconsideration in light of *State ex rel. Director of Revenue, State of Missouri v. Honorable Patricia F. Scott, Judge, Circuit Court, Morgan County,* (Mo. banc 1996), consolidated with *State ex rel. Director of Revenue, State of Missouri v. Honorable Patricia F. Scott, Judge, Circuit Court, Morgan County,* 919 S.W.2d 246 (Mo. banc 1996). The original opinion of this court, as modified, is now readopted and reissued.

3. In *Atteberry v. Hannibal Regional Hosp.,* 875 S.W.2d 171 (Mo.App.E.D.1994), this court held that the trial court was without jurisdiction to dismiss plaintiff's petition with prejudice on April 2, 1993, due to the plaintiff's filing a volun-

refiled this action on June 20, 1994, alleging medical negligence by all defendants in connection with the delivery and birth of Brittany Lynn Atteberry, the natural daughter of Tammy Renee and Darryl Atteberry.

On June 30, 1994, plaintiff filed an application for change of judge and change of venue, but did not serve the application on defendants or their counsel. In July of 1994, defendants filed their answers to plaintiff's petition. Predictably, defendants proceeded with the same discovery process as in the previous case. On October 7, 1994, the trial court overruled plaintiff's objections to defendants' interrogatories and sustained defendants' motion to compel, ordering plaintiff to comply with defendants' requests within twenty days. Plaintiff failed to comply with the court order.

On October 18, 1994, defendants were served, for the first time, with a copy of the application for change of judge and change of venue and notice of the time it would be presented to the court. On November 4, 1994, the trial court overruled the plaintiff's motion for change of judge.

Subsequently, defendants filed motions for sanctions and a motion for dismissal, alleging that plaintiff had failed to comply with the October 7, 1994, order. Plaintiff filed a motion to produce expert witness information in camera. After hearing all the motions, the court overruled plaintiff's motion. On March 28, 1995, the trial court overruled defendants' motions for attorney's fees as a sanction pursuant to Rule 61, but sustained defendants' motion to dismiss with prejudice.

Plaintiff first claims the trial court erred in overruling her application for change of judge and change of venue because Rules 51.03 and 51.05 mandate that timely applications for change of judge and change of venue be granted.

Plaintiff filed a joint application for change of judge and change of venue pursuant to Rule 51.06, which states, in pertinent part:

(b) Upon the timely presentation of an application requesting a change of venue and a change of judge and if no such application has previously been made by the requesting party or a party of the same class, the judge promptly shall sustain the application for change of judge and transfer the case in accordance with the procedures of Rule 51.05(e).

(c) The newly assigned judge shall determine the request for change of venue....

Defendants contend the application was not timely filed or in proper form because it was not accompanied by the required notice of when the application would be presented to the court.

■ Although a party's right to disqualify a judge for cause is a substantive right, the right to pursue a change of judge without cause is a procedural right. *Minor v. Minor*, 901 S.W.2d 163, 167 (Mo.App.E.D.1995). Because the nature of the application for change of judge without cause is procedural, the requesting party must strictly comply with the procedures set forth in Rule 51.05. *Id.* "Rule 51.05 provides Missouri litigants with the right to one change of judge, if timely exercised. This is a highly prized right which we have liberally granted." *State ex rel. Director of Revenue v. Scott*, 919 S.W.2d 246, 247 (Mo. banc 1995).

■ To be timely, an application for change of judge must be filed no later than thirty days after the parties or their attorneys have been notified of the designation of the trial judge. Rule 51.05(b). Filing is effective by filing the application with the clerk of the court. Rule 43.01(h). The preferable way to obtain a change of judge is to timely file the application and serve notice of presentation concurrently with the application. The judge must then grant the application. If the party seeking a change of judge adheres to these procedures, the difficulties encountered in the present action are avoided.

■ Defendants contend that the notice of presentation to the court must be filed concurrently with the application for change of judge and change of venue.

tary dismissal without prejudice on March 31, 1993.

The Missouri Supreme Court recently addressed this very issue in *Scott,* 919 S.W.2d at 248. In that case, the supreme court held the failure to include notice of a date for hearing in an application for change of judge under Rule 51.05 was not fatal when the application was otherwise timely filed and timely served upon the opposing party, a hearing was held in which the opposing party had an opportunity to contest the application, and no other cause for denying the motion was presented or apparent to the court. *Id.* at 248.

Here, the application was filed 10 days after the filing of the petition, well within the thirty-day time limit imposed by Rule 51.05, so there is no question that the application itself was timely filed. Whether the application was timely served is a fact question. Inexplicably, plaintiff's trial counsel waited until October 18, 1994, to file notice that the application was to be presented to the trial court on November 4, 1994.[4] October 18, 1994, was also the first time defendants were served with a copy of the application. The *Scott* case does not set out what constitutes timely service of the application and Rule 51.05 fails to offer any guidance. Rule 43.01(f) states that "[w]hen provision is made for the time of filing papers and none is made for the time of service thereof, copies shall be served on the day of filing or as soon thereafter as can be done."

Notwithstanding the directive of Rule 43.01(f), under the facts of this case we are unable to say *sua sponte* that plaintiff's application was not timely served. Here, ample notice was given to defendants to oppose the application, a hearing was held in which defendants had the opportunity to contest the application, and no other cause for denying the motion was presented or apparent to the court. Upon presentation of a timely application for a change of judge, the judge *shall* promptly sustain the application. Rule 51.05(e); *State ex rel. Wedemeier v. McKenzie,* 889 S.W.2d 99, 100 (Mo.App.E.D.1994). Here, the trial judge erred in denying plaintiff's application for change of judge. Plaintiff's first point is granted.

A judge who fails to grant a timely application for change of judge is without jurisdiction. *Wedemeier,* 889 S.W.2d at 101. We therefore vacate the dismissal because the trial judge was without jurisdiction to issue that order. We reverse and remand with directions to grant plaintiff's application for change of judge.[5] In view of our holding, we do not address plaintiff's second point on appeal.

CRANE, C.J. and KAROHL, J., concur.

---

4. Plaintiff is represented by different counsel on appeal.

5. Defendants' motion to strike plaintiff's reply brief is denied.