**STATE of Missouri, Respondent,**

v.

**Jerry W. BOYD, Appellant.**

**Nos. WD 50612, WD 51809.**

Missouri Court of Appeals,
Western District.

June 4, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 30, 1996.

Application to Transfer Denied
Sept. 17, 1996.

**Lonnie SNELLING, Plaintiff/Appellant,**

v.

**Queen Esther STEPHENSON,
Defendant/Respondent.**

**No. 69981.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 4, 1996.

Before GERALD M. SMITH, P.J., and GARY M. GAERTNER and RHODES RUSSELL, JJ.

Michael D. Holzknecht, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before LAURA DENVIR STITH, P.J., and ULRICH and SMART, JJ.

ULRICH, Judge.

Jerry Boyd appeals his conviction following jury trial of driving while intoxicated, section 577.010, RSMo Supp.1993, and sentence as an intoxication-related persistent offender, section 577.023, RSMo Supp.1993, to four years imprisonment. He also appeals the denial of his Rule 29.15 motion for postconviction relief without an evidentiary hearing. He raises four issues on appeal: (1) whether the notice of the time when the application for change of judge contemplated by Rule 32.07(c) is a jurisdictional requirement, the

absence of which is fatal to the application; (2) whether criminal prosecution under sections 577.010 and 577.023 and administrative revocation of drivers license constitutes double jeopardy and a violation of the federal and state constitutional prohibitions; (3) whether the charging document alleging the defendant to be an intoxication-related persistent offender, section 577.023, RSMo Supp.1993, must specify the year the applicable persistent offender statute became law; and (4) whether the trial court found him to be a persistent offender and properly sentenced him.

The judgment of conviction and the denial of the Rule 29.15 motion are affirmed.[1]

On the afternoon of September 12, 1993, Mr. Boyd was driving a yellow car in the 900 block of South Main Street in Maryville when he suddenly turned the vehicle he was driving in front of another vehicle causing a four-car collision. A witness to the accident ran to Mr. Boyd's car to ascertain his physical condition and smelled beer, or some sort of alcohol, on Mr. Boyd's breath.

Minutes later, two Maryville police officers arrived at the scene of the accident. They also detected an odor of intoxicants emanating from Mr. Boyd. Additionally, they noticed that Mr. Boyd's reactions were slow and his balance and coordination were "off just a bit." His eyes were also very red and bloodshot.

After Mr. Boyd failed a series of field sobriety tests, he was arrested. Upon being informed of and waiving his *Miranda* rights, Mr. Boyd admitted that he had been drinking alcohol prior to the accident. Shortly thereafter, a breathalyzer test revealed that his blood-alcohol content was .28 percent.

1. **Absence of the Notice of Rule 32.07(c) is Not Fatal to Application for Change of Judge**

■ As his first point on appeal, Mr. Boyd claims the trial court erred in overruling his motion to dismiss the charges because the

court lacked jurisdiction.[2] He argues that Judge Roger Combs did not have jurisdiction to preside at his trial because the previous judge, Judge Wm. Rex Beavers, erred in sustaining the state's application for change of judge filed under Rule 32.07. Mr. Boyd contends that the application did not contain a notice of the time when it would be presented to the court and, therefore, was fatal to the state's right to a change of judge.

On January 6, 1994, an information was filed charging Mr. Boyd as an intoxication-related persistent offender with driving while intoxicated. Following his arraignment, Mr. Boyd filed an application for change of judge and venue with a notice of hearing on March 7, 1994. Rule 32.07. The application was granted on March 28, 1994.

On April 18, 1994, the Missouri Supreme Court appointed the Honorable Wm. Rex Beavers to hear the case. The next day, the state filed its application for change of judge, and a copy was mailed to Mr. Boyd's attorney. A notice of hearing was not filed with the application.

On April 21, 1994, Judge Beavers sustained the state's application and again transferred the case to the Supreme Court for assignment of a judge. The Honorable Roger Combs was assigned to hear the case.

Nearly eight months later, on December 13, 1994, at the pretrial conference, Mr. Boyd orally moved to dismiss claiming that Judge Combs was without jurisdiction to hear his case on the ground that no notice accompanied the application for change of judge. He, however, did not state the basis for opposing the state's motion, nor did he state how he was prejudiced by the court having granted the motion without his first having been heard on the motion. The trial court denied Mr. Boyd's motion, and the trial proceeded.

■ In criminal and civil cases, the right to disqualify a judge is "one of the keystones of our legal administrative edifice." *State ex rel. Mountjoy v. Bonacker,* 831

---

1. The issue raised by Mr. Boyd's Rule 29.15 postconviction motion is the same issue raised in point 2 of the direct appeal from the judgment of conviction.

2. Whether the remedy requested is the appropriate remedy should a judge proceed when the judge lacks authority to proceed is not addressed.

S.W.2d 241, 244 (Mo.App.1992)(quoting *State ex rel. Campbell v. Kohn*, 606 S.W.2d 399, 401 (Mo.App.1980)). No system of justice can function at its best or maintain broad public confidence if a litigant can be compelled to submit his case in a court where he sincerely believes the judge is incompetent or prejudiced. *Mountjoy*, 831 S.W.2d at 244. Thus, statutes and rules are liberally construed in favor of the right to disqualify. *Id.* The right to disqualify a judge has been described as "virtually unfettered." *Id.* Therefore, if a request for trial judge disqualification is in proper order, the trial judge's duty is to sustain it. *Id.*

At the time of the state's request for a change of judge, Rule 32.07 provided, in pertinent part:[3]

> (a) A change of judge shall be ordered upon the filing of a written application therefor by any party. The applicant need not allege or prove any reason for such change. The application need not be verified and may be signed by any party or an attorney for any party.
>
> \* \* \* \* \* \*
>
> (c) In felony cases the application must be filed not later than thirty days after arraignment if the trial judge is designated at arraignment. If the trial judge is not designated at arraignment, the application must be filed no later than thirty days after the designation of the trial judge and notification to the parties or their attorneys. If the designation of the trial judge occurs less than thirty days before trial, the application must be filed prior to commencement of any proceeding on the record.
>
> (d) A copy of the application and a notice of the time when it will be presented to the court shall be served on all parties.

Rule 32.07.

The notice of hearing requirement is not an integral part of an application for a change of judge, and the Rule 32.07(c) time constraints do not apply to the notice provision. *State ex rel. Director of Revenue v. Scott*, 919 S.W.2d 246, 248 (Mo. banc 1996); *Mountjoy*, 831 S.W.2d at 246. The purpose of the notice requirement is to provide the opposing party an opportunity to be heard and to contest the form, timeliness and sufficiency of the motion. *In re Buford*, 577 S.W.2d 809, 827 (Mo. banc 1979). The failure to include a notice of hearing in an application, therefore, is not fatal to the right to disqualify a judge when the application is otherwise timely filed and timely served upon the opposing party, the opposing party had an opportunity to contest the application, and no other cause for denying the application was presented or apparent to the trial court. *Scott*, 919 S.W.2d at 248; *State ex rel. Director of Revenue v. Scott*, 920 S.W.2d 170, 171 (Mo.App. W.D.1996). A party for whose benefit the notice provision exists may waive the notice of hearing requirement. *Mountjoy*, 831 S.W.2d at 247.

In this case, the state timely filed its application for change of judge one day after the appointment of Judge Combs. Mr. Boyd was sent a copy of the state's application. He did not receive a notice of hearing[4], and the motion was granted by the trial court just two days after its filing. Mr. Boyd, however, failed to make a timely objection to the insufficient notice. Waiting nearly eight months after the appointment of Judge Combs to his case, in which time Judge Combs had ruled on other pretrial motions, Mr. Boyd sought to defeat the state's significant right to a change of judge with a procedural argument that the application was not accompanied by a notice of when the application would be presented to the court. Furthermore, he did not then specify or explain the grounds on which he opposed the state's request for a change of judge or how he was prejudiced by the granting of the motion without an opportunity to be heard. Mr. Boyd, therefore, waived his right to contest the sufficiency of the form of notice, and whether Mr. Boyd had a reasonable opportu-

---

3. Although Rule 32.07 was amended on December 21, 1993, the amendment did not become effective until January 1, 1995, after Mr. Boyd's trial. The 1994 version of the rule, therefore, is applicable in this case.

4. The state admits it did not file a notice of hearing with the application.

nity to contest the form, timeliness or sufficiency of the application need not be addressed.

Point one is denied.

## 2. Criminal Prosecution under Sections 577.010 and 577.023 and Administrative Revocation of Driver's License Not Double Jeopardy

In point two, Mr. Boyd asserts that the trial court erred in overruling his motion to dismiss on his claimed breach of constitutional prohibition against double jeopardy. He contends that the criminal prosecution for driving while intoxicated originated from the same conduct that resulted in administrative revocation of his driver's license and, therefore, he asserts that he was subjected to multiple and successive punishment in violation of the Double Jeopardy Clause of both the United States and Missouri Constitutions.

In *State v. Mayo*, 915 S.W.2d 758 (Mo. banc 1996), the Missouri Supreme Court recently addressed the issue of whether civil revocation of an individual's driver's license constitutes punishment that violates the Double Jeopardy Clause in both the federal and state constitutions when criminal prosecution is also effected for the same act comprising the basis for civil revocation. It explained, "Certainly, a remedial purpose is served by removing from Missouri roadways those persons who have abused their driving privilege by driving under the influence of alcohol. Indeed, we believe that this remedial purpose, safety on the Missouri roadways, is the overarching purpose of the statute." *Id.* at 762. The Court, therefore, concluded that the sanction of a license revocation or suspension is remedial rather than punishment for the purpose of the Double Jeopardy Clause. *Id.* at 762–63.

Mr. Boyd, therefore, was not subjected to multiple punishments for the same offense.[5]

Point two is denied.

## 3. Information Need Not State The Year The Persistent Offender Statute Became Law

In his third point on appeal, Mr. Boyd claims the trial court erred in convicting and sentencing him as an intoxication-related persistent offender pursuant to section 577.023, RSMo Supp.1993. He asserts that the information charging him as a persistent offender was deficient because it did not specify the year the applicable persistent offender statute became law. Additionally, he claims the trial court lacked authority to sentence him pursuant to section 577.023, RSMo Supp.1993 because the court failed to make the required findings of fact.

Count I of the first amended information filed by the state charged that Mr. Boyd,

in violation of Section 577.010, RSMo., committed the class D felony of driving while intoxicated, punishable upon conviction under Sections 558.011.1(4), 560.011 and 557.023.3, RSMo., in that on or about the 12th day of September, 1993, at the 900 block of South Main Street in Maryville in the County of Nodaway, State of Missouri, the defendant operated a motor vehicle while under the influence of alcohol; and,

On or about the 16th day of May, 1991, the defendant was convicted of operating a motor vehicle while intoxicated, for events occurring on March 2, 1991 in the Circuit Court of Buchanan County, Missouri.

On or about the 11th day of February, 1986, the defendant was convicted of operating a motor vehicle with excessive blood alcohol content, for events occurring on January 13, 1986 in the Circuit Court of Holt County, Missouri.

The test for the sufficiency of an information is whether it contains all the essential elements of the offense and clearly apprises the defendant of the facts constitut-

5. Mr. Boyd also claims in his appeal from the denial of his Rule 29.15 motion for postconviction relief (point four) that the motion court erred in failing to vacate his conviction and sentence on the same Double Jeopardy grounds cited in his direct appeal. Matters decided on direct appeal may not be relitigated in a postconviction relief motion. *Schlup v. State*, 758 S.W.2d 715, 716 (Mo. banc 1988); *State v. Small*, 873 S.W.2d 895, 899 (Mo.App.1994). Mr. Boyd's point four is, therefore, denied.

ing the offense. *State v. Hyler,* 861 S.W.2d 646, 649 (Mo.App.1993). The purpose of the indictment is to inform the defendant of the charges against him so that he may prepare an adequate defense and to prevent retrial on the same charge in the case of an acquittal. *Id.*

Rule 23.01(b) sets out the requirements for the form of indictments and informations. Although Rule 23.01(b)(4) requires a citation to the section of the statutes alleged to have been violated and the section of the statutes which fixes the penalty and punishment, the effective dates of the statutes are not necessary. An information is not necessarily insufficient for citing an incorrect statute or omitting a statutory reference. *State v. Cusumano,* 819 S.W.2d 59, 61 (Mo.App.1991). Rule 23.01(e) provides, "All indictments or informations which are substantially consistent with the forms of indictments or informations which have been approved by this Court shall be deemed to comply with the requirements of this Rule 23.01(b)."

**Rule 23.01(e).**

The information in this case complied entirely with approved form MACH–CR 31.02 which satisfies the requirements of Rule 23.01(b). It clearly informed Mr. Boyd of the charge and the facts constituting the offense of driving while intoxicated and was not defective for failing to indicate the effective date of the applicable persistent offender statute.

Furthermore, the trial court correctly applied the 1993 version of section 577.023 in sentencing Mr. Boyd as an intoxication-related persistent offender. The offense was committed over two months after the effective date [6] of the 1993 version of the statute.

Point 3 is denied.

**4. The Trial Court Found Mr. Boyd to be a Persistent Offender and Did Not Err in Sentencing Him**

As his last point on appeal, Mr. Boyd argues that the trial court failed to make findings of fact that he was an intoxication-related persistent offender pursuant to section 577.023.5(3), RSMo Supp.1993 and, thus, was without jurisdiction to assess punishment.[7] Section 577.023.5(3), RSMo Supp. 1993 required a trial judge to "make[ ] findings of fact that warrant a finding beyond a reasonable doubt by the court that the defendant is a ... persistent offender." § 577.023.5(3), RSMo Supp.1993.

In *State v. Sparks,* 916 S.W.2d 234 (Mo. App.1995), the Eastern District recently considered whether section 577.023.5, RSMo 1994 [8] requires that trial court to make a specific finding of fact on the record regarding persistent offender status. Relying on *Boxx v. State,* 857 S.W.2d 425, 429 (Mo.App. 1993), the court held that section 577.023.5 no longer requires a specific finding of fact. *Sparks,* 916 S.W.2d at 238. It explained that if evidence was presented to support the finding that a defendant is a persistent offender, the trial court's failure to make specific findings is only a procedural deficiency. *Id.* In *Sparks,* the trial court did not specifically find the defendant to be a "persistent offender." However, in its judgment, it found defendant guilty of a class D felony DWI which is reserved for persistent offenders only. *Id.* The Eastern District held that, in effect, the trial court found the defendant to be a persistent offender. *Id.*

In this case, the evidence supported the finding that Mr. Boyd was an intoxication-related persistent offender. In a pretrial conference, the state introduced record evidence illustrating that Mr. Boyd was convicted (1) on February 11, 1986, in the Circuit Court of Holt County of operating a motor vehicle with a blood-alcohol content in excess

---

**6.** The changes to the 1992 version of section 577.023 were accomplished in two separate bills which became effective June 30, 1993, and July 2, 1993.

**7.** Mr. Boyd included this issue in point 3 of his brief. The court elects to address the issue as a separate point.

**8.** The 1994 version of section 577.023.5 analyzed in *Sparks* is identical to the 1993 version applicable in this case.

of .10 for an offense that took place on or about January 13, 1986, and (2) on May 16, 1991, in the Circuit Court of Buchanan County of driving while intoxicated for an offense that occurred on or about March 2, 1991. Additionally, in its judgment, the trial court found Mr. Boyd "to be a prior and persistent offender, finding that the allegations set forth in the Information are true and that the defendant has two (2) prior convictions for alcohol related offenses occurring within ten (10) years pursuant to the requirements of the statute." The trial court, therefore, effectively found Mr. Boyd to be a persistent offender and did not err in sentencing him as such. Point four is denied.

The judgment of conviction and the denial of the Rule 29.15 motion are affirmed.

All concur.