STATE of Missouri, ex rel., Katherine ANDERSON, Relator,

v.

The Honorable Thomas J. FRAWLEY, Division 15 Judge of the Circuit Court of the City of St. Louis, 22nd Judicial Circuit, Respondent.

No. 70593.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 18, 1996.

Leo V. Garvin, Jr., Paul M. Maloney, St. Louis, for appellant.

Andrew R. Kasnetz, Kurt A. Hentz, St. Louis, for respondent.

RHODES RUSSELL, Presiding Judge.

Katherine Anderson ("Relator") has filed a Petition For a Writ of Mandamus seeking an order requiring St. Louis City Circuit Court Judge Thomas Frawley ("Respondent"), to grant her Application for Change of Judge pursuant to Rule 51.05. Alternatively, Relator has filed a Petition For a Writ of Prohibition seeking to prohibit Respondent from taking any further action in the underlying dissolution case other than to grant her Application For Change of Judge. We enter a peremptory writ pursuant to Rule 84.24 and grant Relator's Petition For Writ of Mandamus directing Respondent to set aside the Order of April 25, 1996, and enter an Order sustaining Relator's Application for Change of Judge.

The underlying facts of this case are as follows: On January 10, 1996, Relator filed a petition in the Circuit Court of the City of St. Louis against Andy's Seasonings, Inc. That suit, hereafter referred to as the "equity case", was assigned to Division 3. Thereafter, on February 16, 1996, a Petition for Dissolution of Marriage was filed in the Circuit Court of the City of St. Louis by Reuban Anderson, Relator's husband ("Petitioner"). The dissolution action was assigned to Respondent in Division 15.

On March 26, 1996, Relator filed a timely Application for Change of Judge in the dissolution action pursuant to Rule 51.05. A copy of the application was served on opposing counsel. The clerk in Division 15 scheduled a hearing on the application on April 25, 1996. Relator's counsel did not appear at the hearing due to his workload at the time and the belief that Respondent was without jurisdiction to do anything but grant the application. Petitioner's counsel appeared at the hearing in which Respondent denied the application for "failure to prosecute." Thereafter, Petitioner's counsel filed an action to consolidate the equity action with the dissolution action and have both heard by Respondent.

■ Missouri Supreme Court Rule 51.05 provides that "[a] change of judge shall be ordered in any civil action upon the filing of a written application therefor by any party.... The application need not allege or prove any cause for such change and need not be verified." (emphasis ours) Rule 51.05 offers a civil litigant a "virtually unfettered" right to disqualify a judge one time. *Breazeale v. Kemna,* 854 S.W.2d 631, 632 (Mo.App.1993). The filing of a timely application for change of judge deprives the court of further jurisdiction to do anything in the case except grant the application. *Walsh v. Director of Revenue,* 772 S.W.2d 865, 866 (Mo.App.1989).

■ In *Medawar v. Gaddis,* 779 S.W.2d 323 (Mo.App.1989), the proponent of a change of judge application failed to appear at the hearing, while the opponent was present to contest the application. The trial court denied the application, based solely upon the opponent's presence and the proponent's absence. Our colleagues in the Western District found that the trial court erred in denying the change of judge, holding that the proponent complied with the requisites of Rule 51.05. The absence of the moving party at the hearing did not alter her peremptory right to a change of judge. *Id.* at 327. We agree with that analysis.

Counsel for Petitioner relies on Rule 51.05(e), which states, "Upon the **presentation** of a timely application for change of judge, the judge promptly shall sustain the application." (emphasis ours) Petitioner argues that there was no formal presentment to the trial court. In support of this argument, Petitioner points to *J.H. Cosgrove Contractors, Inc. v. Kaster,* 851 S.W.2d 794 (Mo.App.1993), where the trial court granted the change of judge prior to the date of the hearing. The Western District determined that it was error to do so, since the party opposing the change should have been given the opportunity to challenge the timeliness, form, or sufficiency of the application. The case was not reversed as the opponent did not contest the application's form or sufficiency and the court found that the application was timely. In the present case, however, Respondent did not rule on the ap-

plication before the hearing. Petitioner was present at the April 25 hearing and was given an opportunity to challenge the petition's timeliness, form, and sufficiency. Petitioner presented no evidence to support the application's denial. It was not necessary for Relator to be present since she was not required to show any cause for the granting of the application.

Formal presentment occurred herein by the hearing being held. Petitioner had an opportunity to challenge the application's timeliness, form, and sufficiency. Petitioner made no argument at the hearing. Therefore, Respondent had no authority to deny the application.

Respondent is ordered to set aside the Order of April 25, 1996 and is directed to enter an Order sustaining Relator's Application for Change of Judge.

GERALD M. SMITH and PUDLOWSKI, JJ., concur.