STATE ex rel. CITY OF BERKELEY,
Robert B. Lewis, George H. Hopper
and James L. Trimble, Relators,

v.

The Honorable Patrick CLIFFORD, in his official capacity as Associate Circuit Judge of the Twenty–First Judicial Circuit, Presiding Over Cause No. 98CC2582 pending in said court, Respondent.

No. 74778.

Missouri Court of Appeals,
Eastern District,
Writ Division One.

Aug. 17, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 10, 1998.

Application for Transfer Denied
Oct. 20, 1998.

Elbert A. Walton, Jr., St. Louis, for appellant.

Rick Barry, St. Louis, for respondent.

RICHARD B. TEITELMAN, Presiding Judge.

Relators have filed a petition for a writ of mandamus to require St. Louis County Associate Circuit Judge Patrick Clifford ("Respondent") to grant their application for change of judge in the underlying cause of action pursuant to Rule 51.05. Additionally, Relators' petition seeks a writ of prohibition to prohibit Respondent from taking any further action in that proceeding other than to grant the application for change of judge. Plaintiffs in the underlying cause of action have filed suggestions in opposition on behalf of Respondent. In the interest of justice and as permitted by rule 84.24, we dispense with a preliminary order, further briefing and oral argument, and now issue a peremptory writ directing Respondent to set aside his order of August 5, 1998 and to enter an order sustaining Relators' application for change of judge.

### Background Information and Procedural History

Relators, who are defendants in the underlying cause of action, are the City of Berkeley, a municipality with a Charter form of government situated within St. Louis County; George Hopper, Councilman-at-large and currently Acting Mayor of the City of Berkeley; James Trimble, Assistant City Manager and currently Acting City Manager of the City of Berkeley; and Robert Lewis, Chief of Police for the City of Berkeley. Plaintiffs in the underlying cause of action are several Berkeley police officers, who seek to enjoin Relators from taking any disciplinary action against them as well as injunctive relief mandating reinstatement to employment of any such officers previously terminated or suspended, prior to a municipal Civil Service Board decision in the matter.

On July 27, 1998, plaintiffs filed their injunction action in the Circuit Court of St. Louis County, where it was promptly assigned to Respondent Judge Clifford for determination. On the same day Respondent issued a temporary restraining order (TRO) in the matter, ex parte and without notice to defendants. Simultaneous with issuance of the TRO Respondent also set for hearing, on August 5, 1998 at 10:00 a.m., plaintiffs' request for preliminary injunction. All four defendants were served with process on July 27.

Thereafter, defendants filed a motion to dissolve the TRO and dismiss the action for lack of subject matter jurisdiction. That motion was heard by Respondent on July 30 and, following legal argument by counsel for both sides, denied. Defendants then sought a writ of prohibition, first in this Court and later the Missouri Supreme Court, challenging the trial court's jurisdiction to proceed. Both courts denied those respective applications for writs. On the morning of August 5, 1998, shortly before the hearing on plaintiffs' request for preliminary injunction had been scheduled to begin, the Supreme Court faxed its writ application denial to the trial court.

On receipt of that notice of denial, and just prior to the preliminary hearing which had been scheduled, defendants filed their request for change of judge and served a copy on plaintiffs' counsel. Respondent then took up the application for change of judge and, after consideration, entered an order denying it. In his order Respondent stated, in part: "The court finds the request for change of judge does not comply with Missouri Supreme Court Rules 51 and 92, the court

relying upon *Reproductive Health Services, Inc. v. Sam H. Lee,* 660 S.W.2d 330 and *State ex rel. Director of Revenue, Relator v. Honorable Patricia F. Scott, Judge, Circuit Court, Morgan County, Respondent,* 919 S.W.2d 246." In the same order Respondent granted defendants five days in which to apply for a writ with regard to their request for change of judge, and reset the preliminary injunction hearing for August 11, 1998 at 10:00 a.m. The order further provided that the previous TRO was to remain in full force and effect until such hearing.

Thereafter, on August 6, defendants (Relators herein) filed with this Court their petition for writ of mandamus and prohibition, seeking an order requiring Respondent to refrain from proceeding any further in the underlying action and to grant their request for change of judge.

### Discussion

■ Rule 51.05(a) provides, in pertinent part, that "a change of judge shall be granted upon the timely filing of a written application therefor by any party." The rule is intended to offer a party a "virtually unfettered" right to disqualify a judge one time. *State ex rel. Anderson v. Frawley,* 923 S.W.2d 960, 961 (Mo.App. E.D.1996). It is a right which is highly prized and, therefore, to be liberally granted. *State ex rel. Director of Revenue, State of Missouri v. Scott,* 919 S.W.2d 246, 247 (Mo. banc 1996); *Reproductive Health Services, Inc. v. Lee,* 660 S.W.2d 330, 337 (Mo.App. E.D.1983). The filing of a timely application for change of judge deprives the court of jurisdiction to do anything further in the case except grant the application. *State ex rel. Anderson v. Frawley,* 923 S.W.2d at 961.

Rule 51.05 was amended on June 17, 1997, effective January 1, 1998. Rule 51.05(b), the portion of the rule concerning timeliness of an application for change of judge, now reads as follows:

The application must be filed within sixty days from service of process or thirty days from the designation of the trial judge, whichever time is longer. **If the designation of the trial judge occurs less than thirty days before trial,** the application must be filed prior to any appearance before the trial judge.[1] (emphasis ours)

In the suggestions filed in opposition to the writ petition, Respondent notes that counsel for Relators unquestionably did "appear" before Respondent on July 30, to argue Relators' motion to dissolve the TRO and dismiss the cause for alleged lack of subject matter jurisdiction. At this time, Respondent had already been designated as the trial judge. Respondent thus argues that since "obviously in this case designation of the trial judge occurred less than thirty days before trial," Relators' application for change of judge was untimely under Rule 51.05(b) because it occurred after Relators had already made one appearance before the trial judge.

We disagree.

Respondent's argument assumes that the designation of the trial judge in this matter will have "occurred less than thirty days before trial." That assumption is likely to prove invalid *unless* one accepts the proposition that the preliminary injunction hearing can properly be regarded as the commencement of "trial" in the case.

■ We have visited this question before. A "trial," within the meaning of Rule 51.05(b), means a full "trial on the merits." *Reproductive Health Services, Inc. v. Lee,* 660 S.W.2d at 347. The hearing on an application for a preliminary injunction pending action on the petition for permanent injunction is not "a trial on the merits" for purposes of determining timeliness under Rule 51.05. *Id.* at 338–39, 342 and 347.

We recognize, as *Reproductive Health Services* itself noted, that Rule 92 was later amended in a way which, at least to some extent in some instances, causes a preliminary injunction hearing to become more like a final trial on the merits than was the case prior to such amendment. Specifically, Rule 92 was amended to provide that the trial

---

1. Prior to its most recent amendment, Rule 51.05(b) provided that if the designation of the trial judge occurred less than thirty days before trial, the application had to be filed prior to any "proceeding on the record."

court could order hearing of an application for preliminary injunction to be consolidated with trial of the action on the merits, and further, that even absent such an order, any evidence received at the preliminary injunction hearing which would be admissible at trial on the merits becomes a part of the "trial record" and need not be repeated at trial. See *Reproductive Health Services,* 660 S.W.2d at 339, 340, n. 7 and n. 13.

■ That feature of Rule 92, however, still does not mean that a preliminary injunction hearing must always necessarily be considered a "trial on the merits" in any injunction proceeding, and certainly not in the present posture of this case, for purposes of Rule 51.05(b). First, we have previously held that *even despite* these amended provisions of Rule 92, the holding in *Reproductive Health Services* (that "trial" within the meaning of Rule 51.05(b) means trial on the merits and does not encompass in that term a hearing on whether a preliminary injunction should issue) nonetheless still applies. *Rohde v. TRW Real Estate Loan Services,* 836 S.W.2d 465, 469 and n. 6 (Mo.App. E.D.1992). Second, while that arguably might not be true in this case had Respondent heretofore exercised his power under Rule 92.02(c)(3) to order that trial of the action on the merits be advanced and consolidated with the hearing on request for preliminary injunction, Respondent has not done so. Any such order has to be clear and unambiguous. *St. Louis Tele–Communications, Inc. v. People's Choice TV,* 955 S.W.2d 805, 807–808 (Mo. App. E.D.1997).

■ Thus, there is no indication here of any likelihood that a final "trial on the merits" will occur less than thirty days after July 27, the date on which Respondent was designated as the trial judge. Consequently, we hold that Relators' application for change of judge is governed by the time limits contained in the *first* sentence of Rule 51.05(b), that is, "within sixty days from service of process or thirty days from the designation of the trial judge, whichever time is longer," and hence that the application was indeed timely and should have been granted. When interpreting Rule 51.05, we must adhere to a liberal construction of the rule favoring the right to disqualify if we wish to promote and maintain public confidence in the judicial system. *Rohde v. TRW Real Estate Loan Services,* 836 S.W.2d at 468.

Accordingly, we issue a peremptory writ of mandamus directing Respondent to immediately set aside his order of August 5, 1998 in Cause No. 98CC2582, and to enter an order therein sustaining Relators' application for change of judge.

CRANE and CRAHAN, JJ., concur.