Sharrie L. **POPA**, Respondent,

v.

**William T., William E., and Eleanor POPA, Appellant.**

**No. WD 54121.**

Missouri Court of Appeals,
Western District.

March 16, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 27, 1999.

Application to Transfer Denied
June 1, 1999.

Stephen V. Crain, Gladstone, for respondent.

Alison K. Blessing, Liberty, for appellant.

Before LAURA DENVIR STITH, P.J., HANNA and RIEDERER, JJ.

RIEDERER, Judge.

This is an appeal from a judgment of dissolution entered by the Honorable James E. Welsh, after a trial was had in front of Family Court Commissioner Michael W. Walker. On September 9, 1994, Respondent filed a petition for dissolution of marriage. On October 13, 1994, Appellants William E. Popa and Eleanor Popa filed a motion for leave to intervene and a petition for grandparent visitation rights. On October 26, 1994, Commissioner Walker granted Appellants' motion for leave to intervene. On November 3, 1994, Appellants filed their motion for change of judge. On November 15, 1994, Commissioner Walker overruled Appellants' motion for change of judge. On June 25, 1996, a judgment of dissolution was entered. This appeal ensued. The appeal was originally dismissed for lack of jurisdiction because there was no "judgment" signed by an Article V judge. *Slay v. Slay*, 965 S.W.2d 845 (Mo. banc 1998). The Honorable James E. Welsh then entered an order, and this appeal was reinstated.

Appellants argue that the trial court erred in not sustaining their motion for change of judge because their motion was timely and left the trial court without jurisdiction to do any further act other than entering a change of judge order. However, Respondent argues that the Appellants waived their right to appeal the trial court's order denying their application for change of judge by receiving all of the relief they requested.

■ Therefore, the question to be resolved in this case is whether Appellants' motion for change of judge was timely filed. Because we find this point dispositive we do not reach the other points presented.

■ Rule 51.05 provides the procedure by which a party can procure a change of judge. The rule applies to commissioners of the family court. *State ex rel. Kramer v. Walker*, 926 S.W.2d 72, 76 (Mo.App. 1996). At the time of the dissolution proceeding Rule 51.05(b) provided as follows:

The application must be filed within thirty days after the answer is due to be filed if the trial judge is designated at

the time the answer is due. If no answer is required to be filed, the application must be filed no later than thirty days after the filing of the civil action. If the trial judge is not designated at the time the answer is due or, if no answer is due, within thirty days after the filing of the civil action, the application must be filed no later than thirty days after the designation of the trial judge and notification to the parties or their attorneys. If the designation of the trial judge occurs less than thirty days before trial, the application must be filed prior to commencement of any proceeding on the record.

Here, Appellants filed a motion for leave to intervene on October 13, 1994, pursuant to § 211.77[1]. On October 26, 1994, the court granted Appellants' motion. Having intervened, Appellants became as much a party to the action as the original parties. *Koester v. Koester*, 543 S.W.2d 51, 56 (Mo.App.1976). Since they were now parties to the lawsuit, Appellants filed an application for change of judge under Rule 51.05. The rule provides specifically that an intervenor may file a motion for a change of judge. Rule 51.05(d)(5). The rule contemplates that a party is entitled to a change of judge as of right, provided the party timely files a written application. Rule 51.05(a). "Rule 51.05 offers a civil litigant a 'virtually unfettered' right to disqualify a judge one time." *State ex rel. Anderson v. Frawley*, 923 S.W.2d 960, 961 (Mo.App.1996). An intervenor is a "litigant" and a "party" under this rule.

The record reveals that the intervenor (Appellants) filed an application in writing. We decide whether it is timely filed. Under the above quoted rule in effect at the time of the filing of the motion for change of judge, the application for change of judge filed by the intervenor (Appellant) would be timely filed if "filed within thirty days after the answer is due to be filed if the trial judge is designated at the time the answer is due." Rule 51.05(b).

Intervenors filed their petition in intervention on October 13, 1994. Therefore, under the most stringent reading of Rule 55.25(a), the earliest possible due date for the answer would be November 14, 1994. The trial judge was designated at that time, and, therefore, the motion for change of judge had to be filed no later than December 14, 1994. Since the motion for change of judge was filed on November 3, 1994, it was, therefore, filed "within thirty days after the answer was due" and was, therefore, timely filed. The timely filing of Appellants' application for change of judge deprived the court of further jurisdiction to do any act other than grant the application. *Anderson*, 923 S.W.2d at 961. Therefore, the judgment rendered in this case is void. The judgment is vacated. The cause is remanded and the trial court is directed to enter an order for change of judge.

All concur.

---

1. All statutory references are to RSMo 1994,    unless otherwise indicated.