Patricia Breckenridge, chief justice
I concur in the principal opinion’s holding affirming the trial court’s finding that Mr.- Chambers waived his right to a change of venue by failing to present the application to the trial court until- the eve of trial. I further concur with the separate opinion’s conclusion that Mr. Chambers was not entitled ,to a change of venue because he failed to comply with Rule 32.03(b) by not providing all parties notice of the time when the application for change of venue would be presented to the trial court., Mr. Chambers’, counsel did not sufficiently comply with fye notice requirement by raising the matter with the trial court on the eve of trial. For these rea-spns, I would affirm the trial court’s judgment.
Zel M. Fischer, Judge
There was no waiver of Chambers’ right to a change of venue which'Chambers’ first lawyer asserted when he filed the application under Rule 32.03. See Bartleman v. Humphrey, 441 S.W.2d 335, 343 (Mo.1969) (to imply a waiver, “there must be a clear, unequivocal,' and decisive act of a party showing such purpose, and so consistent with intention to waive that no other reasonable explanation is possible.”). I'concur in the result reached in the principal opinion, however, because no notice of hearing .was filed and served on the parties.- By failing to file and serve notice as required, Chambers failed to satisfy this Court’s rule.
The version of Rule 32:03 in effect at the time of these proceedings provided:
(a) A change of venue shall be ordered in any criminal proceeding triable by a jury pending in a county having seventy-five thousand or fewer inhabitants upon the filing of a written application therefor by the defendant. In felony and misdemeanor cases the application must be filed not later than ten days after the initial plea is entered. The defendant need not allege or prove any *10 reason for change. The application need not be verified and shall be signed by the defendant or the defendant’s attorney.
(b) A copy of the application and notice of the time when it will be. presented in the court shall be served on all parties.
(c) If a timely application is filed, the court immediately shall order the case transferred to some other county convenient to the parties, first giving all parties an opportunity to make suggestions as to where the case should be sent. In lieu of transferring the case to another county, the court may secure a jury from another county as provided by law.
The principal opinion attempts to distinguish State ex rel. Dir. of Revenue v. Scott, 919 S.W.2d 246, 248 (Mo. banc 1996), by stating that—unlike in Scott—Chambers’ failure to, comply with Rule 32.03 by serving notice of hearing, in addition to his counsel’s failure to address the application until the day of trial, provides sufficient extenuating circumstances to- qualify as an “other” cause for denying that application. See id. at 248. Simply applying the .rale as written .would resolve this ease.
This Court should always follow its own rules until it changes them. State ex rel. St. Charles Cnty. v. Cunningham, 401 S.W.3d 493, 500 (Mo. banc 2013) (Fischer, J., dissenting). Article V, §' 5‘ of the Missouri Constitution provides supervisory power to change rules so it can be done in an orderly fashion and not ad hoc on a case-by-case basis.