

# SUPREME COURT OF MISSOURI
# en banc

STATE OF MISSOURI,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀Respondent,⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀No. SC95094
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
CLAUDE CHAMBERS,⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀Appellant.⠀⠀⠀⠀⠀⠀)

**APPEAL FROM THE CIRCUIT COURT OF CRAWFORD COUNTY**
The Honorable Kelly W. Parker, Judge

*Opinion issued February 9, 2016*

Claude Chambers (Defendant) appeals his conviction for first-degree statutory sodomy. He argues on appeal that the trial court erred in failing to sustain his timely filed application for a change of venue under Rule 32.03, that the state presented insufficient evidence to support the charge against him, and that the court abused its discretion in overruling his motions for a continuance.

Defendant timely filed his application for a change of venue as a matter of right under Rule 32.03. After he filed the application, however, Defendant allowed the application to languish in the case file for almost nine months while affirmatively representing to the trial court that he had no pending motions in the case and that the

cause should remain set for trial. Defense counsel notified the court of the pending application for a change of venue the day before trial. On the morning of trial his application was taken up by the court for argument. Because of this conduct, Defendant waived his right to a change of venue. The trial court did not err in denying Defendant's application under Rule 32.03. This Court finds no error in Defendant's other points on appeal. The judgment of the trial court is affirmed.

## I. Facts

The evidence adduced at trial established that Defendant lived with C.R. (the victim), who was 10 years old at the time of trial, and the victim's mother. Most mornings Defendant would wake the victim to get him ready for school. Defendant made the victim watch "nasty movies," during which Defendant would pull down his pants and would make the victim disrobe from the waist down. Defendant then made the victim sit on Defendant's lap. The victim testified that Defendant then inserted his penis into the victim's anus. Defendant told the victim to keep it a secret, but the victim told his teacher what had happened. When the victim was interviewed by the Child Advocacy Center, he stated that this occurred several times.

Defendant was charged with statutory sodomy in the first degree in Crawford County. On March 19, 2013, Defendant appeared in person and with counsel and waived formal arraignment. On the same day, defense counsel filed an application for a change of venue pursuant to Rule 32.03. This application for a change of venue was not called up for hearing or argument in the months preceding Defendant's trial.

Defendant appeared with different counsel at an April 16 hearing for all pending motions and for trial setting. The case was continued to May 22 for a hearing on the admissibility of out-of-court statements made by the child victim. At the May 22 hearing, two witnesses for the state testified regarding the victim's statements to them, and defense counsel cross-examined them. The trial court then set a case review hearing for June 19. Defendant appeared in person and with counsel at the June 19 hearing, during which the court set the case for trial on December 9. The court then ordered the cause "continued to November 19, 2013 at 1:00 P.M. to hear all pending motions and for last plea" and asked counsel if there was "anything else" for the court to address in the case. Counsel for defendant and the state both answered that they had nothing further for the court to consider. At no time during the April, May, or June hearings did defense counsel, the state, or the trial court take note of Defendant's pending application for a change of venue.

On November 14, less than one month before Defendant's case was set for trial, defense counsel filed a notice indicating that he would be deposing eight witnesses before trial. Defense counsel then filed a motion for a continuance on November 18, alleging that counsel needed additional time to prepare for trial.

At the November 19 hearing, the court asked if there were "[a]ny motions on behalf of Defendant." Defense counsel answered that he had a "pending motion" for continuance, but stated that he did not want the court to take it up at that time because he had depositions scheduled later in the week. The trial court then asked, "So cause is to remain for trial?" Defense counsel responded, "Yes, sir."

On December 5, Defendant filed an amended motion for a continuance, which the trial court overruled the same day in a telephone conference. On Sunday, December 8, defense counsel discovered the still-pending application for a change of venue and informed the trial judge of this matter over the telephone. The trial court contacted the prosecutor, who suggested that the application be taken up on the record before trial the next day.

Immediately before trial the next day, defense counsel argued that the timely filed application for a change of venue should be sustained. The trial court found that Defendant waived his right to a change of venue because Defendant did not affirmatively bring that matter to the court's attention when the court had asked him on previous occasions about pending motions. The court, consequently, denied his application for a change of venue.

Defense counsel also filed a second amended motion for a continuance on the day of trial, which the trial court overruled, finding that Defendant's attorney had a substantial amount of time to prepare for trial. Defendant then signed a written waiver of his right to the assistance of counsel and waived his right to be present during the trial. After the trial court determined that Defendant's waivers were knowingly and intelligently made, the trial proceeded in the absence of Defendant and defense counsel.

The jury found Defendant guilty of first-degree statutory sodomy. Defendant appealed. This Court has jurisdiction pursuant to article V, section 10, of the Missouri Constitution.

## II.     Analysis

### A. *Change of Venue*

Defendant argues that the trial court committed reversible error by failing to sustain his application for a change of venue pursuant to Rule 32.03.

A trial court's decision to deny an application for a change of venue as a matter of right is a question of law. *See State ex rel. Dilliner v. Cummins*, 92 S.W.2d 605, 608-09 (Mo. banc 1936). At the time of these proceedings, Rule 32.03 stated:

> (a) A change of venue shall be ordered in any criminal proceeding triable by a jury pending in a county having seventy-five thousand or fewer inhabitants upon the filing of a written application therefor by the defendant. In felony and misdemeanor cases the application must be filed not later than ten days after the initial plea is entered. The defendant need not allege or prove any reason for change. The application need not be verified and shall be signed by the defendant or the defendant's attorney.
>
> (b) A copy of the application and notice of the time when it will be presented in the court shall be served on all parties.
>
> (c) If a timely application is filed, the court immediately shall order the case transferred to some other county convenient to the parties, first giving all parties an opportunity to make suggestions as to where the case should be sent. In lieu of transferring the case to another county, the court may secure a jury from another county as provided by law.[1]

---

[1] Rule 32.03 has since been amended to permit all proceedings except the jury trial to take place in the originating county at the discretion of the trial court.

The failure to sustain a timely application for a change of venue as a matter of right may constitute reversible error[2] unless the party seeking a change of venue affirmatively withdraws the application or otherwise waives the right to the relief requested.

There is no question that Defendant timely filed his application for a change of venue under Rule 32.03.  It is well established, however, that a defendant may waive constitutional or statutory rights, including the right to a change of venue.  *State v. Harmon*, 243 S.W.2d 326, 328 (Mo. 1951).  Change of venue is a "mere statutory privilege which the parties may waive either before or after the change has been granted." *Dilliner*, 92 S.W.2d at 607.  Waiver may be explicit or it may be implied by conduct. *Bartleman v. Humphrey*, 441 S.W.2d 335, 343 (Mo. 1969).  Waiver can be implied when a party's conduct "clearly and unequivocally show[s] a purpose to relinquish [a known] right." *O'Connell v. Sch. Dist. of Springfield R-12*, 830 S.W.2d 410, 417 (Mo. banc 1992).

The facts show that Defendant waived his right to a change of venue.  After he filed the application for a change of venue, Defendant took no further action to pursue a change of venue despite numerous opportunities to do so.  Defense counsel made no mention of the application during four separate pretrial hearings.  Neither did the defense

---

[2] *See Matthews v. State*, 175 S.W.3d 110, 114 n.5 (Mo. banc 2005), and *Moss v. State*, 10 S.W.3d 508, 513 (Mo. banc 2000).  While these cases were decided in the context of post-conviction relief motions and, therefore, are not binding precedent, they posit that failing to sustain a timely filed application for a change of venue under the nondiscretionary language of Rule 32.03 would constitute reversible error if raised on direct appeal, as Defendant has done here.

6

call up the application by filing notice of the time the application would be presented in court.

Defendant did more than sit by silently while his application for a change of venue remained pending in the case file. Counsel for Defendant affirmatively represented to the court on at least two occasions that there were no other matters pending in Defendant's case. At the case review hearing on June 19, defense counsel stated that there were no other matters for the court to take up in the case even though Defendant's application for a change of venue had been pending for three months. At the November 19 hearing three weeks before trial at which all pending motions were scheduled to be taken up, the trial court asked if there were "any motions on behalf of Defendant." Defense counsel mentioned a pending motion for a continuance, but indicated that he did not wish to take up the motion at that time because he was conducting depositions in the near future. Once again, defense counsel made no mention of the pending application for a change of venue. The court asked then, "So cause is to remain set for trial?" Defense counsel answered, "Yes, sir."

The application for a change of venue languished in the case file for more than eight months until the afternoon before the trial was scheduled to begin. Having moved unsuccessfully for a continuance three days prior, defense counsel called the trial judge by telephone on the afternoon before trial to notify him of the pending application. Argument regarding Defendant's second amended motion for a continuance and the application for a change of venue took place the day of the trial, with jurors from Crawford County already waiting to be empaneled and sworn.

7

Defendant showed a clear and unequivocal intent to waive his right to a change of venue when he repeatedly and affirmatively represented to the court that he had no pending motions he wanted the court to take up and that he wished the cause to remain set for trial. The record does not suggest that counsel knew about the motion for a change of venue and purposely withheld that information from the trial court, but the effect is the same; the court and prosecutor proceeded based on defense counsel's assurances that all motions had been determined. It was defense counsel's responsibility to know his file.

Defendant argues that the failure to include the notice of hearing in an application for a change of venue is not fatal to exercising that right when the application is otherwise timely filed and timely served. He cites *State ex rel. Director of Revenue, State of Mo. v. Scott*, 919 S.W.2d 246 (Mo. banc 1996), for support. *Scott* is not inconsistent with the conclusion that Defendant here waived his right to a change of venue. In *Scott*, this Court held that the failure to include a notice of the hearing date in an application for a change of judge is not fatal when "the application was otherwise *timely filed and timely served* upon the opposing party, a hearing was held in which the opposing parties had an opportunity to contest the application, and *no other cause for denying the motion was presented or apparent to the court.*"[3] *Id.* at 248 (emphasis added). The facts are different

---

[3] The rules governing change of judge and change of venue have similar rationales and are generally "considered and construed with reference to each other." *State ex rel. Smith v. Journey*, 533 S.W.2d 589, 591 (Mo. banc 1976); *see also State ex rel. Davis v. Lewis*, 893 S.W.2d 817, 819 (Mo. banc 1995) (noting that although *Journey* discussed the civil rules regarding change of venue and change of judge, criminal rules governing

here. Defendant not only failed to raise his application for a change of venue until the eve of trial after his motions for a continuance had been overruled, but he also affirmatively told the court he had no pending motions. The facts of this case go beyond *Scott*. Defendant's actions constituted an affirmative waiver.

By counsel's lack of knowledge of the existence of any pending application for a change of venue in the file, by his representation to the court that no motions were pending, and by his failure to raise the forgotten application with the court until after his motions for a continuance had been overruled, he waived his application for a change of venue. It is clear that he decided to use the application for a change of venue in the last hours before trial in an attempt to bypass the judge's overruling of his motions for continuance. Use of the application for a change of venue as a last-minute delay tactic is not evidence of an intent to exercise the right to a venue change, and Defendant should not be rewarded on appeal for manipulating the purpose and objectives of Rule 32.03 in this manner.

### B. Sufficiency of the Evidence

Defendant next argues that there was insufficient evidence to convict him of statutory sodomy in the first degree. He claims that the information and the jury instructions required the state to prove that Defendant inserted "an object" into the victim's anus, and that the state instead presented evidence that Defendant inserted his

---

procedures for change of judge and change of venue are "substantially the same" as the civil rules and should be interpreted consistently with them).

9

penis into the victim's anus, which Defendant claims does not qualify as "an object" under relevant Missouri law.

Although Defendant characterizes his challenge as one to the sufficiency of the evidence, he does not actually contend that the evidence at trial was insufficient to show that he committed statutory sodomy in the first degree. Instead, Defendant's argument concentrates on the allegedly incorrect language of the charging document and the jury instructions. Defendant did not object to this language at trial and as such has failed to preserve these claims for appellate review.[4] Consequently, his claim may be reviewed only for plain error. Rule 30.20; *State v. Jones*, 427 S.W.3d 191, 195 (Mo. banc 2014). Plain errors affecting substantial rights may be considered in the discretion of the court

---

[4] When Defendant chose to dismiss defense counsel, he effectively decided to represent himself *pro se*. When he then absented himself from trial, he necessarily chose not to present witnesses in his defense, cross-examine prosecution witnesses, or object to the admission of evidence or other errors at trial. Federal courts have observed that "[a] criminal defendant who has competently invoked the right to appear *pro se* may mount a defense consisting of nothing more than a protest against the court's legitimacy and a refusal to attend trial, and has no Sixth Amendment right to be protected from the prejudice that may result." *Clark v. Perez*, 510 F.3d 382, 390 (2nd Cir. 2008). A different standard might be appropriate when a *pro se* Defendant is removed from the courtroom due to disruptive behavior. S*ee Davis v. Grant*, 532 F.3d 132, 144 (2nd Cir. 2008) (recognizing that when a defendant who has chosen to represent himself *pro se* is "removed from the courtroom as a result of his disruptive conduct and the trial continues without counsel, there is almost no chance that either his rights" or the government's interest in assuring that the defendant receives a fair trial will be adequately protected). The record shows that Defendant intentionally, knowingly, and voluntarily waived his right to counsel and his right to be present at trial. This fact does not affect our standard of review of his unpreserved claim of error. "Pro se litigants are held to the same standards as attorneys. Judicial impartiality, judicial economy, and fairness to all parties preclude courts from granting pro se litigants preferential treatment." *Pruett v. Pruett*, 280 S.W.3d 749, 751 (Mo. App. 2009); *see also State v. Jackson*, 386 S.W.3d 810, 817-18 (Mo. App. 2012) (noting that a point on appeal was subject to plain error review when a *pro se* criminal defendant failed to preserve the issue at trial).

10

when the error has resulted in a manifest injustice or miscarriage of justice. *State v. Hunt*, 451 S.W.3d 251, 260 (Mo. banc 2014). For instructional error to amount to plain error, it must be clear that the trial court has so misdirected or failed to instruct the jury that manifest injustice or miscarriage of justice has resulted. *State v. Ousley*, 419 S.W.3d 65, 75 (Mo. banc 2013). In short, it must be apparent that the instructional error affected the jury's verdict. *State v. Miller*, 372 S.W.3d 455, 470 (Mo. banc 2012).

Instructing the jury to find Defendant guilty of statutory sodomy if it believed that he penetrated the victim's anus with "an object" did not result in a manifest injustice or miscarriage of justice, if such instruction was error at all. A person commits statutory sodomy in the first degree if he or she has deviate sexual intercourse with another person who is younger than 14 years old. Section 566.062, RSMo Supp. 2013. "Deviate sexual intercourse" is defined as "any act involving the genitals of one person and the hand, mouth, tongue, or anus of another person or a sexual act involving the penetration, however slight, of the male or female sex organ or the anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person or for the purpose of terrorizing the victim." Section 566.010(1), RSMo Supp. 2013.

The uncontradicted evidence at trial was that Defendant penetrated the victim's anus with Defendant's penis while the victim was younger than 14 years old. This conduct meets the definition of deviate sexual intercourse because it is an act involving Defendant's genitals and the anus of another person, the victim. Because no evidence was adduced of Defendant inserting anything else into the victim's anus, the jury could not have been confused by the instruction's use of the word "object" rather than a

11

specific reference to Defendant's penis. The jury clearly believed the evidence presented at trial supported the charged act of statutory sodomy in the first degree pursuant to section 566.062.[5] Defendant has failed to show that this alleged instructional error so misdirected or failed to instruct the jury as to cause a manifest injustice or miscarriage of justice.

### C. Motion for Continuance

Defendant finally claims that the trial court abused its discretion in overruling his motion for a continuance. Defendant argues that defense counsel did not have adequate time to prepare for trial or to follow up on information obtained during the depositions conducted by defense counsel three weeks before trial.

The decision to sustain a continuance is within the sound discretion of the trial court. *State v. Blocker*, 133 S.W.3d 502, 504 (Mo. banc 2004). The party requesting the continuance must make a strong showing of abuse as well as prejudice resulting from the denial of the request. *State v. Christeson*, 50 S.W.3d 251, 262 (Mo. banc 2001). A continuance sought to give counsel additional time for trial preparation is not warranted when counsel had adequate time to prepare. *Id.*

Defendant has failed to make the requisite strong showing of abuse of discretion. The record shows that defense counsel represented Defendant for about eight months before the date set for trial, and that counsel did not object when the court set the trial date during the June 19 hearing. At the November 19 hearing, defense counsel stated that

---

[5] The evidence must be viewed in the light most favorable to the verdict. *State v. Taylor*, 298 S.W.3d 482, 491 (Mo. banc 2009).

he did not want his motion for a continuance taken up at that time and that he wanted the cause to remain set for trial. Despite having knowledge of the trial date, defense counsel did not schedule depositions until three weeks before trial. Defendant does not claim that the witnesses were unknown or unavailable for deposition prior to that time. Instead, he claims that defense counsel had a heavy case load in the months leading up to trial and did not have time to conduct depositions in Defendant's case during that time. While defense counsel may have been busy in the months immediately preceding trial, counsel still had eight months in which to adequately prepare, and even after he conducted depositions, he still had several weeks to investigate any information he obtained during the depositions.

Furthermore, Defendant has not shown how he was prejudiced by the overruling of his motion. Defendant claims that he needed additional time to discover favorable evidence and to secure witnesses for trial. Specifically, he claims that he would have consulted with a doctor regarding the likely physical and behavioral effects on a victim of the kind of conduct with which Defendant was charged, and that he would have gathered impeachment evidence against the victim from sources such as the victim's records from his school and from Children's Division. Defendant does not, however, assert that he would have called this doctor as a witness at trial or that the doctor would have been available and willing to testify if Defendant was granted the continuance he sought. *See Blocker*, 133 S.W.3d at 504 ("If a continuance is not likely to result in the presence of the witness at trial, the court will not be held to have abused its discretion in denying the continuance."). Additionally, the victim's records from his school and from Children's

13

Division were not used against Defendant at trial, and Defendant's general claim that he might have found favorable, relevant evidence in these records is not sufficient to show prejudice.

The trial court did not abuse its discretion in failing to sustain Defendant's motion for a continuance.

### III.    Conclusion

The judgment of the trial court is affirmed.

_____
Mary R. Russell, Judge

Stith, Draper and Teitelman, JJ., concur;
Breckenridge, C.J., concurs in separate opinion filed;
Fischer, J., concurs in result in separate opinion filed;
Breckenridge, C.J., and Wilson, J., concur in opinion of Fischer, J.



# SUPREME COURT OF MISSOURI
## en banc

STATE OF MISSOURI,     )
    )
          Respondent,     )
    )
v.     )     No. SC95094
    )
CLAUDE CHAMBERS,     )
    )
          Appellant.     )

### CONCURRING OPINION

I concur in the principal opinion's holding affirming the trial court's finding that Mr. Chambers waived his right to a change of venue by failing to present the application to the trial court until the eve of trial. I further concur with the separate opinion's conclusion that Mr. Chambers was not entitled to a change of venue because he failed to comply with Rule 32.03(b) by not providing all parties notice of the time when the application for change of venue would be presented to the trial court. Mr. Chambers' counsel did not sufficiently comply with the notice requirement by raising the matter with the trial court on the eve of trial. For these reasons, I would affirm the trial court's judgment.

_____
PATRICIA BRECKENRIDGE, CHIEF JUSTICE



# SUPREME COURT OF MISSOURI
# en banc

STATE OF MISSOURI,          )
                                       )

          Respondent,     )
                                       )

v.                                )     No. SC95094
                                       )

CLAUDE CHAMBERS,       )
                                       )

          Appellant.      )

## OPINION CONCURRING IN RESULT

There was no waiver of Chambers' right to a change of venue which Chambers' first lawyer asserted when he filed the application under Rule 32.03. *See Bartleman v. Humphrey,* 441 S.W.2d 335, 343 (Mo. 1969) (to imply a waiver, "there must be a clear, unequivocal, and decisive act of a party showing such purpose, and so consistent with intention to waive that no other reasonable explanation is possible."). I concur in the result reached in the principal opinion, however, because no notice of hearing was filed and served on the parties. By failing to file and serve notice as required, Chambers failed to satisfy this Court's rule.

The version of Rule 32.03 in effect at the time of these proceedings provided:

  (a) A change of venue shall be ordered in any criminal proceeding triable by a jury pending in a county having seventy-five thousand or fewer inhabitants upon the filing of a written application therefor by the defendant. In felony and misdemeanor cases the application must be filed not later than ten days

after the initial plea is entered. The defendant need not allege or prove any reason for change. The application need not be verified and shall be signed by the defendant or the defendant's attorney.

(b) A copy of the application and notice of the time when it will be presented in the court shall be served on all parties.

(c) If a timely application is filed, the court immediately shall order the case transferred to some other county convenient to the parties, first giving all parties an opportunity to make suggestions as to where the case should be sent. In lieu of transferring the case to another county, the court may secure a jury from another county as provided by law.

The principal opinion attempts to distinguish *State ex rel. Dir. of Revenue v. Scott*, 919 S.W.2d 246, 248 (Mo. banc 1996), by stating that—unlike in *Scott*—Chambers' failure to comply with Rule 32.03 by serving notice of hearing, in addition to his counsel's failure to address the application until the day of trial, provides sufficient extenuating circumstances to qualify as an "other" cause for denying that application. *See id.* at 248. Simply applying the rule as written would resolve this case.

This Court should always follow its own rules until it changes them. *State ex rel. St. Charles Cnty. v. Cunningham*, 401 S.W.3d 493, 500 (Mo. banc 2013) (Fischer, J., dissenting). Article V, § 5 of the Missouri Constitution provides supervisory power to change rules so it can be done in an orderly fashion and not ad hoc on a case-by-case basis.

_____
Zel M. Fischer, Judge

2