**STATE of Missouri, Plaintiff-Respondent,**

v.

**Jerry Allen THARP, Defendant-Appellant.**

**No. SD 34943**

Missouri Court of Appeals, Southern District, Division Two.

Filed: January 31, 2018

Attorney for Appellant: Rick D. Farrow of West Plains, MO.

Attorney for Respondent: Josh Hawley, Atty. Gen., Christine K. Lesicko, Asst. Atty. Gen., of Jefferson City, MO.

JEFFREY W. BATES, J.

Jerry Tharp (Defendant) appeals from his conviction for violating § 566.150.[1] On appeal, Defendant contends the trial court committed plain error by proceeding to trial without first ruling, *sua sponte*, on

---

4. Because Defendant's second point is dispositive, his first point is moot and will not be addressed.

1. All references to statutes are to RSMo Noncum. Supp. (2014). All references to rules are to Missouri Court Rules (2016).

Defendant's Rule 32.03 motion for change of venue. Because Defendant impliedly waived his right to a change of venue by his conduct, we affirm.

Defendant was charged by amended information with committing a class D felony in June 2016 by violating § 566.150. The information alleged that Defendant, a prior sex offender, knowingly loitered within 500 feet of a public park with playground equipment.

Formal arraignment occurred on July 19, 2016, and Defendant entered a plea of not guilty. The court scheduled another hearing in the case for August 12, 2016.

On July 26, 2016, defense counsel Christopher Pratt (Pratt) filed an application for a change of venue as a matter of right pursuant to Rule 32.03. The application was not accompanied by the required notice of the time it would be presented to the court. *See* Rule 32.03(b).

On August 12, 2016, the court held its scheduled hearing. The application for change of venue was not presented for a ruling. The court set the pretrial conference for December 20, 2016, and the trial for January 23-24, 2017.

On August 25, 2016, attorney Brandon Swartz (Swartz) entered his appearance as substitute counsel for Defendant in place of Pratt. In November 2016, the trial court entered an order resetting the case to January 25-26, 2017.

On December 16, 2016, Swartz filed a motion in limine, a motion regarding objections and a motion to invoke the rule on witnesses. The pretrial conference was held on December 20th as scheduled. The application for change of venue was not presented for a ruling.

On January 5, 2017, Swartz filed a motion for continuance. On January 16th, Swartz filed a motion to allow Defendant to wear nonvisible restraints and civilian clothes. The court held a scheduled motion hearing on January 17th. The motion relating to restraints and clothing was granted by the court. The application for change of venue was not presented for a ruling.

On January 25th, the court held a hearing on the record just prior to the commencement of trial. The State was represented by prosecutor Parke Stevens (Stevens). Defendant was present, along with defense attorney Swartz. Swartz announced that there were two motions in limine that he wanted to take up. The first was a motion in limine to exclude certain details about Defendant's prior conviction, which the court granted. The second was a motion in limine to exclude the testimony of witness Heather Walker, which the court denied. At that point, the application for change of venue still had not been presented to the court for a ruling. The following colloquy then occurred:

THE COURT: .... So the motion as to Heather Walker is denied.

MR. SWARTZ: Thank you, Judge. With that, I believe all of my pretrial issues are taken care of. I would ask that the Court again invoke the rule on witnesses.

After some additional discussions about the rule on witnesses, exhibits and jury instructions, the following colloquy took place:

THE COURT: Do we have an idea how long this trial will take?

MR. STEVENS: There's two witnesses, Your Honor. I anticipate a day, max.

MR. SWARTZ: I anticipate a day as well.

THE COURT: One alternate?

MR. SWARTZ: That seems reasonable.

THE COURT: Okay. All right. Anything else before we seat the jury?

MR. STEVENS: Nothing by the State, Your Honor.

MR. SWARTZ: Nothing for Defense.

Counsel then conducted their *voir dire* of the venirepersons. The application for change of venue, which had not been presented to the trial court for a ruling up to that point, was never mentioned during the remainder of the trial or in Defendant's motion for new trial.

Because the application for change of venue was never presented to the trial court for a ruling at any stage of the proceeding, Defendant has failed to preserve the venue issue for appellate review. *See State v. Walter*, 479 S.W.3d 118, 123 (Mo. banc 2016) (for an allegation of error to be considered preserved and to receive more than plain error review, it must be objected to during the trial and presented to the trial court in a motion for new trial). Defendant acknowledges the lack of preservation and seeks plain error review.

■ Plain error review is a two-step process. *State v. Gott*, 523 S.W.3d 572, 581 (Mo. App. 2017). We first determine whether the trial court committed evident, obvious and clear error that affected the defendant's substantial rights. *Id*. If this first step is not satisfied, our inquiry ends. *Id*. If the trial court committed a plain error, the second step in the process is to decide whether that error actually resulted in a manifest injustice or miscarriage of justice. *Id*. at 581-82.

■ Defendant presents a single point for decision. He argues that the trial court committed plain error by proceeding to trial without taking up the Rule 32.03 application for change of venue *sua sponte* and ruling on it. That argument has no merit because it is inconsistent with controlling precedent concerning a defendant's ability to waive his right to a change

of venue, either explicitly or by his conduct.

■ The application for change of venue was timely since it was filed within 10 days after the entry of Defendant's plea. *See* Rule 32.03(a). It is well settled, however, that a defendant may waive his right to a change of venue. *State v. Chambers*, 481 S.W.3d 1, 5 (Mo. banc 2016). "Waiver may be explicit or it may be implied by conduct." *Id*.

In *Chambers*, our Supreme Court held that the defendant impliedly waived his right to a change of venue by his conduct because:

After [defense counsel] filed the application for a change of venue, [the defendant] took no further action to pursue a change of venue despite numerous opportunities to do so. Defense counsel made no mention of the application during four separate pretrial hearings. Neither did the defense call up the application by filing notice of the time the application would be presented in court. Defendant did more than sit by silently while his application for a change of venue remained pending in the case file. Counsel for Defendant affirmatively represented to the court on at least two occasions that there were no other matters pending in Defendant's case. ... Defendant showed a clear and unequivocal intent to waive his right to a change of venue when he repeatedly and affirmatively represented to the court that he had no pending motions he wanted the court to take up and that he wished the cause to remain set for trial. The record does not suggest that counsel knew about the motion for a change of venue and purposely withheld that information from the trial court, but the effect is the same; the court and prosecutor proceeded based on defense counsel's assurances that all motions had

been determined. It was defense counsel's responsibility to know his file. *Id.* at 5-6.

The same fact pattern is present in the case at bar. The application for change of venue was pending for six months prior to trial, but Defendant took no further action to obtain a ruling. The application was never noticed up for a hearing. Defense counsel did not mention the application during three pretrial hearings. On the day trial commenced, defense counsel presented two motions to the court for rulings and then represented that he had taken care of "all of my pretrial issues" for Defendant. When the court asked if there was anything else that needed to be addressed prior to *voir dire*, Swartz said: "Nothing for Defense." As in *Chambers*, the record here does not suggest defense counsel knew about the application and purposely withheld that information. Nevertheless, the court and prosecutor proceeded to trial based upon defense counsel's assurances that all motions had been decided. "It was defense counsel's responsibility to know his file." *Id.* at 6. Accordingly, Defendant impliedly waived his right to a change of venue by his conduct.

Because Defendant has failed to demonstrate that the trial court committed an evident, obvious and clear error that affected Defendant's substantial rights, our inquiry ends. *Gott*, 523 S.W.3d at 581-82. Defendant's point is denied, and the judgment of the trial court is affirmed.

NANCY STEFFEN RAHMEYER, C.J./P.J.—CONCUR

DANIEL E. SCOTT, J.—CONCUR