In the Missouri Court of Appeals
 Eastern District
 DIVISION THREE

DAVID L. JONES, ) No. ED109352
 )
 Appellant, ) Appeal from the Circuit Court
 ) of St. Louis County
vs. )
 ) Honorable Heather R. Cunningham
IMPACT AGAPE MINISTRIES, )
C. KENNETH HAYNES, AND )
HOSEA JACKSON, II, )
 Respondents. ) Filed: October 19, 2021

 David L. Jones appeals from the trial court’s judgment finding in favor of defendants

Impact Agape Ministries, C. Kenneth Haynes, and Hosea Jackson II, and against Mr. Jones on

his claim for breach of contract. We reverse and remand.

 Factual & Procedural Background

 Mr. Jones filed a small-claims action against the defendants, claiming that defendants

owed him $200 for musical services he provided at church services in January of 2020. The trial

court set the matter for a small-claims hearing. On the day of that scheduled hearing, the trial

court dismissed Mr. Jones’s action without prejudice, for failure to prosecute. It appears from

the small-claims judgment dismissing the action that Mr. Jones did not appear at the hearing,

which was scheduled to take place via Zoom. 1, 2 Mr. Jones timely filed an application for trial de

1
 Due to the corona virus (COVID-19), all in-person court appearances were suspended, and all associate civil court
hearings were being held remotely and virtually via Zoom.
2
 Supreme Court Rule 145.02, governing dismissals in the small-claims division of the circuit court, provides that:
“If a party asserting a claim does not appear at the time and place specified for trial, the judge may enter an order
dismissing the claim.”

 1
novo. The trial court suspended the dismissal order, proceeded to trial, which was held via

Zoom, and then entered judgment for the defendants.

 Standard of Review

 In this court-tried case, we will not disturb the trial-court’s judgment unless it misapplies

or erroneously declares the law, or there is no substantial evidence to support the judgment, or

the judgment is against the weight of the evidence. Murphy v. Carron, 530 S.W.2d 30, 32 (Mo.

banc 1976).

 Discussion

 Mr. Jones essentially raises two issues on appeal. 3 First, he contends the trial court erred

in entering judgment against him because Impact Agape Ministries is a corporation that

impermissibly appeared without an attorney. Second, Mr. Jones contends the trial court should

have entered judgment for him because he proved his breach-of-contract claim. However, we

are unable to review these allegations of error due to an incomplete record on appeal. Mr.

Jones’s contentions require this Court to review the record for evidence, if any, supporting his

contentions. The record on appeal, however, is silent as to what occurred at trial. In particular,

the record on appeal does not contain a transcript of the trial de novo. We thus have no way of

telling what evidence was presented by the parties, what arguments were made by the parties,

3
 Mr. Jones asserts nine points on appeal, and arguments thereunder, that do not comply with Rule 84.04, the rule
setting forth requirements for an appellant’s brief on appeal. Mr. Jones appears on his own behalf, without the
assistance of an attorney. He has the right to do so. Kramer v. Park-Et Rest., Inc., 226 S.W.3d 867, 869 (Mo. App.
E.D. 2007). Although we sympathize with pro se litigants and are mindful of the hurdles they face when
representing themselves, we hold pro se litigants to the same standards as attorneys regarding the mandatory
appellate briefing requirements of Rule 84.04. Id.; State v. Chambers, 481 S.W.3d 1, 7 n.4 (Mo. banc 2016).
“Judicial impartiality, judicial economy, and fairness to all parties preclude courts from granting pro se litigants
preferential treatment.” Chambers, 481 S.W.3d at 7 n.4; Hamilton v. Archer, 545 S.W.3d 377, 379 (Mo. App. E.D.
2018). Failure to substantially comply with Rule 84.04 constitutes grounds for dismissal of an appeal. See, e.g.,
Porter v. Div. of Emp. Sec., 310 S.W.3d 295, 297 (Mo. App. E.D. 2010). We cannot advocate for Mr. Jones and
fashion his arguments. “The function of the appellate court is to examine asserted trial-court error, not to serve as
advocate for any party on appeal.” Kramer, 226 S.W.3d at 870. Here, however, it is clear the crux of Mr. Jones’s
arguments is that Impact Agape Ministries is a corporation that appeared without an attorney, and that he presented
sufficient evidence to prove his breach-of-contract claim.

 2
what objections, if any, were made by the parties, or what rulings were made by the trial court.

Even though Mr. Jones appeared before us, recitals and statements of fact in a brief on appeal

that are unsupported by the record on appeal are not evidence and are insufficient to supply

essential matters for appellate review of alleged trial court error. In re Adoption of L.L.F.M., 620

S.W.3d 258, 261 (Mo. App. W.D. 2021); Poke v. Mathis, 461 S.W.3d 40, 42 (Mo. App. E.D.

2015). Further, to support his factual assertions on appeal, Mr. Jones cites to his own petition.

That petition, however, is not self-proving and is insufficient to support Mr. Jones’s assertions.

See In re Adoption of L.L.F.M., 620 S.W.3d at 261.

 This case was assigned to an associate circuit judge. “In any case assigned to an

associate circuit judge to be heard upon the record as authorized by law, the associate circuit

judge shall utilize electronic, magnetic, or mechanical sound, or video recording devices, or a

court reporter, or a stenographer for the purpose of preserving the record.” Section 478.072.1.

Likewise, Section 512.180.2 provides that “[i]n all … contested civil cases tried with or without

a jury before an associate circuit judge or on assignment under such procedures applicable before

circuit judges ... a record shall be kept, and any person aggrieved by a judgment rendered in any

such case may have an appeal upon that record to the appropriate appellate court.” Section

512.180.2 (emphasis added). “At the discretion of the judge, but in compliance with the rules of

the supreme court, the record may be a stenographic record or one made by the utilization of

electronic, magnetic, or mechanical sound or video recording devices.” Section 512.180.2.

Thus, “[w]hen assigned to hear cases on the record, associate circuit judges are required to

‘preserve the record’ utilizing approved methods of sound recording or a court reporter.”

Sellenriek v. Director of Revenue, 826 S.W.2d 338, 342 (Mo. banc 1992); S.H. v. P.B., 588

S.W.3d 553, 555 (Mo. App. E.D. 2019).

 3
 Here, although required by Sections 478.072.1 and 512.180.2, no record of the trial de

novo was made. It was Mr. Jones’s responsibility, as appellant, to submit a record on appeal that

contained all of the record, proceedings, and evidence necessary for this Court to determine the

questions presented for our decision. Rule 81.12(a)&(c); Section 512.110. In this particular

case, this responsibility included providing this Court with a transcript of the trial de novo.

However, with no record being made, the trial court could provide no transcript to Mr. Jones, and

Mr. Jones, in turn, could file no transcript with this Court. “In cases where there is an

incomplete record on appeal because no record was made of the trial court proceedings, we must

reverse the judgment of the trial court and remand so that a proper record can be made.” S.H. v.

P.B., 588 S.W.3d 553, 555 (Mo. App. E.D. 2019); see also, Sellenriek v. Director of Revenue,

826 S.W.2d 338, 342 (Mo. banc 1992). Accordingly, we reverse the trial court’s judgment and

remand for further proceedings so that a proper record and transcript can be made.

 Conclusion

 The judgment is reversed, and the cause is remanded for further proceedings consistent

with this opinion.

 _____________________________________
 Angela T. Quigless, JUDGE

Philip M. Hess, P.J. and
Colleen Dolan, J., concur.

 4