

# Missouri Court of Appeals
## Southern District

### In Division

PATRICK ELLSWOOD,         )
                             )
        Movant-Appellant,    )
                             )
      v.                   )     No. SD37932
                             )
STATE OF MISSOURI,     )     **Filed: May 23, 2024**
                             )
        Respondent-Respondent.  )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

The Honorable Becky J.W. Borthwick, Judge

### **<u>AFFIRMED</u>**

Patrick Ellswood ("Ellswood") appeals the judgment of the Circuit Court of
Greene County ("motion court") denying his amended Rule 29.15 motion for post-
conviction relief seeking to vacate the judgment, convictions, and sentences for two
counts of domestic assault in the first degree following a bench trial.[1] *See* section

---

[1] All rule references are to Missouri Court Rules (2018), unless otherwise indicated. Ellswood's
amended motion was untimely filed by his appointed appellate counsel on April 24, 2021. On
July 27, 2022, an evidentiary hearing was held on Ellswood's amended motion. On October 11,
2022, before the motion court issued a judgment on the post-conviction motion, Ellswood filed a
Motion for Finding of Abandonment and to Treat the Late Amended Motion as if Timely Filed,
along with an attested affidavit. On November 1, 2022, the motion court issued an order finding

1

565.072, RSMo Cum. Supp. 2013. In one point on appeal, Ellswood claims the motion court erred in denying his amended motion for post-conviction relief because he was denied effective assistance of counsel in that his appellate counsel failed to assert on direct appeal that the trial court erred in denying Ellswood's request for a second psychiatric examination.[2] We determine the trial court did not deny Ellswood's Request for Second Mental Evaluation; rather, Ellswood waived his request, therefore, appellate counsel did not render ineffective assistance of counsel in failing to raise the alleged error on direct appeal. Finding no clear error, this Court affirms the motion court's denial of Ellswood's Rule 29.15 amended motion for post-conviction relief.

## Factual Background and Procedural History

Ellswood was charged by amended information with two counts of domestic assault in the first degree for "attempting to kill or cause serious physical injury" by choking for an extended period of time (Count I) and repeatedly striking (Count II) the victim.[3]

---

Ellswood had been abandoned by post-conviction counsel, therefore, the amended motion should be treated as timely filed and considered on its merits. On November 10, 2022, the motion court entered its Order and Judgment denying the motion for post-conviction relief in which it reiterated its finding that Ellswood had been abandoned by post-conviction counsel and that it was treating the amended motion as timely filed.

[2] In his brief, Ellswood refers to his Request for Second Mental Examination as a motion for psychiatric examination. The actual motion is designated a "Request for Second Mental Examination." The post-conviction court refers to the motion as a motion for mental examination in its Order and Judgment containing its findings of fact and conclusions of law. This Court will reference the document as Request for Second Mental Examination.

[3] The amended information also charged Ellswood with a third count for unlawful possession of a firearm. Ellswood filed a motion to sever that count from the domestic assault charges, which was granted prior to trial. After the trial court sentenced Ellswood on the domestic assault

2

Prior to trial, Ellswood's trial counsel filed a Motion for Psychiatric Examination Regarding Competency to determine Ellswood's competency to understand the proceedings against him or assist in his own defense pursuant to section 552.020.2.[4]  The trial court granted the motion and issued an order for Ellswood to be evaluated by the Department of Mental Health ("DMH") after finding reasonable cause to believe Ellswood lacked the mental fitness to proceed with the case.

The DMH sent a report, dated March 4, 2016, of its examination of Ellswood to the trial court; said report was received by the trial court on March 10, 2016.  The examiner found Ellswood suffered from a mental disease or defect and diagnosed him with "Unspecified Bipolar and Related Disorder."  The examiner issued his opinion, based on a reasonable degree of psychological certainty, that Ellswood suffered "from a mental disease or defect by which he lacks capacity to understand the proceedings against him or to assist in his own defense."  On April 19, 2016, the trial court ordered Ellswood committed to the DMH due to his incompetency.  The order of commitment required a follow-up report from the DMH within six months.

The DMH evaluated Ellswood again on August 8, 2016.[5]  During the examination Ellswood stated he fabricated "a mental health story" during the previous examination in

charges, there was discussion about the still pending unlawful possession charge and Ellswood's motion to dismiss the same with prejudice.  At that time, the State dismissed the unlawful possession count.

[4] All references to statutes are to RSMo 2016, unless otherwise indicated.

[5] The DMH stated in the December 5, 2016 letter to the trial court that Ellswood's report "fell through the cracks when [Ellswood] was sent to the Cole County Jail in August" and that on August 8, 2016, the DMH had determined Ellswood was competent to stand trial.  The DMH had sent the trial court a letter, dated August 12, 2016, informing it of Ellswood's discharge from the

order to be placed in the mental health court. The examiner noted Ellswood had extensive knowledge of the legal system and legal proceedings and that Ellswood "was able to rationally and reasonably consider his case" and that he "demonstrated a more than adequate knowledge regarding the legal system." After examination, the DMH determined Ellswood did not suffer from a mental disease or defect as defined in chapter 552 and had the capacity to understand the proceedings against him and assist in his own defense. Ellswood was diagnosed with Alcohol Use Disorder and Amphetamine-Type Substance Abuse Disorder. The examiner specifically ruled out Substance-Induced Bipolar and Related Disorder, Bipolar I Disorder, and Antisocial Personality Disorder.

The DMH filed its Motion to Proceed with the trial court on December 5, 2016. Trial counsel filed a Request for Second Mental Examination on Ellswood's behalf on December 15, 2016.

Ellswood filed numerous *pro se* motions with the trial court between the filing of his Request for Second Mental Examination and the trial court's sustaining of the DMH's Motion to Proceed. Ellswood's *pro se* motions included: motions for discovery, a request for a speedy trial, a motion to dismiss counsel, a motion for appointment of counsel, a motion to proceed pro se, and a notice of intent to plead not guilty by reason of mental disease or defect.

On February 26, 2018, the trial court held a pretrial conference "*Faretta* Hearing."[6] Following that hearing, the trial court granted Ellswood's Motion to Proceed

---

Fulton State Hospital to the Cole County Jail "to await further legal proceedings on his current charges[.]" Receipt of the letter is recorded on a docket entry dated August 19, 2016.

[6] ***Faretta v. California***, 422 U.S. 806 (1975). A *Faretta* hearing is an evidentiary hearing to determine that a defendant who chooses to waive his Sixth Amendment right to counsel is doing

4

Pro Se and he was allowed to waive counsel on the same day the trial court granted the DMH's Motion to Proceed.

A pre-trial conference was held on March 28, 2018. Ellswood confirmed that he wished to continue to proceed *pro se*. The trial court addressed the numerous motions filed by Ellswood, including a Notice to Plead Not Guilty by Reason of Mental Disease and Defect and an Acknowledgment of No Other Defenses. Ellswood informed the trial court that he wanted to review all his medical records before deciding whether to continue to plead not guilty by reason of mental disease or defect. Another pre-trial conference was scheduled for April 30, 2018. The April 30, 2018, pre-trial hearing was rescheduled to May 21, 2018.

Ellswood withdrew his Notice of Intent to Plead Not Guilty by Reason of Mental Disease or Defect on May 16, 2018. On May 21, 2018, the trial court withdrew its previous order allowing Ellswood to proceed *pro se*. The trial court found that, while Ellswood was mentally competent to assist counsel, he was not competent to represent himself because he did not understand the full range of his rights or the consequences of his intention to represent himself.[7] Counsel was reappointed to represent Ellswood.

---

so knowingly and intelligently as set forth in ***Faretta v. California***, 422 U.S. 806 (1975). ***State v. Lavender***, 680 S.W.3d 119, 129-30 (Mo. App. S.D. 2023); ***State v. Teter***, 665 S.W.3d 306, 313 (Mo. banc 2023).

[7] The docket entry reads, in part:

> 05/21/2018 . . . Court sets aside order of February 26, 2018, granting [Ellswood's] Motion to Proceed Pro Se. Based upon the record in court appearances subsequent to February 26, 2018, and pleadings filed herein, the Court specifically finds that the defendant is incompetent to represent himself. Although he has been previously found mentally competent to assist in representing counsel, and has demonstrated that he understands his right to counsel, it is the Court's conclusion and finding that he does not understand his full range of rights nor does he understand the consequences of his intention to represent himself. The Court specifically finds that [Ellswood] has not intelligently and voluntarily waived his

The May 21, 2018 pre-trial hearing was rescheduled and held June 7, 2018.  At the June 7, 2018 pre-trial hearing, the trial court outlined the procedural history of Ellswood's pre-trial proceedings, particularly as related to any mental health issues.  The trial court determined that based on statements and filings made by Ellswood subsequent to the February 26, 2016 hearing, its finding that he was competent to proceed *pro se* was not well taken.  The trial court found Ellswood was not capable of representing himself, but did not find him "incompetent in the sense of assisting counsel."  The trial court specifically found:

> Bottom line to it was that, given the defense being put forth, all the mental illness threads that are running through this, I do not believe and did not believe that [Ellswood] was capable of representing himself and that the Court's previous ruling in that regard was not well taken.
> So on May 21st, 2018, by docket entry order, I set aside that finding and found that he was incompetent to represent himself. So the record's clear, I was not making a ruling, and I'm not at this time making a ruling, that he's incompetent in the sense of assisting counsel.[8]

On September 14, 2018, Ellswood filed a *pro se* motion for a *Faretta* hearing. The trial court held a second *Faretta* hearing October 10, 2018, during the first day of a two-day pre-trial conference.[9]  Ellswood filed his Waiver of Counsel by Defendant.  The

---

right to be represented by counsel, and that to allow [Ellswood] to represent himself would deny him due process of law.

[8] The trial court's findings were based, in large part, on Ellswood stating that he wished to pursue a plea of not guilty by reason of insanity **after** the court found him competent to represent himself and defense counsel had withdrawn.

[9] During the October 10, 2018 hearing the court asked Ellswood to tell it what a *Faretta* hearing is, and Ellswood stated:

Faretta v. California, 1971, . . . is where a defendant is allowed to represent himself in the court of law, and it's pretty much been upheld by the Supreme Court, as long as he is found to have the mental capacity to follow the rules and procedures, ask the proper questions in the proper formats. Whenever any objections have arisen,

trial court conducted extensive questioning of Ellswood related to his Waiver of Counsel. The trial court then accepted his Waiver of Counsel and allowed the public defender to withdraw from representation of Ellswood.

The request for a *Faretta* hearing was but one of the numerous *pro se* motions filed by Ellswood addressed by the trial court during the pre-trial hearing on October 10, 2018. Ellswood also filed motions to withdraw his plea of not guilty by reason of mental disease or defect and waiving a trial by jury with regard to Counts I and II. The trial court repeatedly informed Ellswood that it wanted to make sure and rule on each motion he had filed that he wanted the trial court to rule on. At the conclusion of the pretrial conference, the trial court instructed Ellswood to bring any other pending motions to its attention:

> THE COURT: Mr. Ellswood, I want you to, please review the docket sheet, and please advise me of any other motions that you have filed that you wish for me to rule on that I have not already ruled.
>
> [Ellswood]: Oh, no, Your Honor, we're fine. Anything else that's written on there, we can withdraw them.
>
> THE COURT: Very well. I will show that any motion which has not been ruled on by the Court is shown as withdrawn by [Ellswood].

There is no indication in the record that Ellswood's Request for Second Mental Examination filed December 1, 2016, was brought to the trial court's attention or ever ruled on.

The case proceeded to a bench trial where Ellswood represented himself. The trial court found Ellswood guilty on both counts of domestic assault in the first degree.

---

you have to state your reason why you're objecting, as well as just the objection, and several other procedures.

7

The trial court sentenced Ellswood to 15 years' imprisonment on each count, each sentence to be served consecutively to the other.

At the sentencing hearing on November 21, 2018, the trial court directed that Ellswood's prematurely filed *pro se* Motion to Vacate, Set Aside, or Correct the Judgment under Rule 29.15, filed November 20, 2018, be filed in a new civil action and appointed the Public Defender to represent Ellswood on appeal and on that motion. Ellswood was allowed to file his late Notice of Appeal on April 12, 2019.

On direct appeal, Ellswood alleged the trial court erred by violating Ellswood's constitutional right to a speedy trial and that the trial court plainly erred in denying his right to self-representation. Ellswood did not raise any claim of trial court error by failing to rule his Request for Second Mental Examination on direct appeal. This Court affirmed the trial court's judgment by per curiam order in compliance with Rule 30.25(b), **State v. Ellswood**, SD 36052 (September 4, 2020), and issued its mandate on December 23, 2020.

Despite timely requesting two extensions of time to file an amended Rule 29.15 motion, which the motion court granted, motion counsel untimely filed an amended motion on April 24, 2021. The motion court held an abandonment hearing and found motion counsel abandoned Ellswood and ordered that the motion court would consider the merits of the amended motion as though it was timely filed.

As relevant to this appeal, Ellswood's amended motion alleged appellate counsel was ineffective for failing to raise a claim of error concerning the trial court's denial of Appellant's Request for Second Mental Examination. The amended motion alleged "[Ellswood] was found incompetent and 'rehabilitated' by the DMH. Trial counsel

8

timely filed a motion for a second examination, but the trial court found [Ellswood] competent without ruling on the motion." It further alleged that a second examination was a matter of right protected by section 552.020.6 and that the motion court's "disregard" for trial counsel's timely motion constituted reversible error.

Appellate counsel testified at the evidentiary hearing and acknowledged raising two claims of error on Ellswood's behalf on direct appeal: (1) the trial court erred in violating Ellswood's constitutional right to a speedy trial; and (2) the trial court plainly erred in denying Ellswood's right to self-representation. Appellate counsel testified at the hearing that he "[did] not recall" raising a claim of trial court error related to the denial of Ellswood's Request for Second Mental Evaluation and did not have a strategic reason for not raising that claim. He also acknowledged the trial court has discretion when it comes to the competency of the accused.

On November 10, 2022, the motion court issued findings of fact and conclusions of law in its Order and Judgment stating:

> [Ellswood's] appellate counsel, testified that he did not raise a claim on appeal regarding the trial court's denial of his request for a second mental examination. However, a review of the record shows the court did not deny the request. Here, [Ellswood] was found incompetent and rehabilitated by DMH. Trial counsel timely filed a motion for a second examination, but it was never taken up before the trial court for a ruling. Because [Ellswood], who was serving as his own counsel through the later part of his case, specifically withdrew his Notice of Intent to Plead Not Guilty due to Mental Disease or Defect and he never challenged the trial court's determination he was fit to proceed, it appears [Ellswood] chose not to proceed with the second evaluation request.
> Additionally, even though the trial court never took up the motion, or if [Ellswood] did in fact waive that right as part of his litigation strategy, the trial court would still have had to order a second mental evaluation if it had reasonable cause to believe he lacked the fitness to proceed even after he was returned from DMH. . . . [The trial court] had numerous opportunities to observe [Ellswood] subsequent to the Motion for Second Mental Exam and the trial court never ordered another mental examination.

Again, although [Ellswood] may have held what some might consider unconventional beliefs, it is undeniable he was an extraordinarily skilled *pro se* litigant.

Finally, although [Ellswood]'s appellate counsel testified he had no strategic reason for failing to raise that claim, he provided no other testimony regarding what the claim would have or should have been. Even if we are to assume that this conduct fell below an objective standard of reasonableness, [Ellswood] was not able to prove that, but for this error the result would have been different; therefore, this claim also fails on the second prong of the *Strickland* test.

**Standard of Review**

Appellate review of the denial of a Rule 29.15 motion for post-conviction relief is limited to determining whether the motion court's findings and conclusions are clearly erroneous. Rule 29.15(k); ***Meiners v. State***, 540 S.W.3d 832, 836 (Mo. banc 2018). Findings and conclusions are clearly erroneous if the appellate court is left with the definite and firm impression that a mistake has been made. ***Id.***

"To be entitled to post-conviction relief based on ineffective assistance of appellate counsel, the movant must satisfy the two-prong test set out in ***Strickland v. Washington***, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." ***Id.***; ***Rector v. State***, 632 S.W.3d 869, 872 (Mo. App. S.D. 2021).

> [The *Strickland*] test requires a movant to demonstrate that "(1) his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) he was prejudiced thereby." *Tate v. State*, 461 S.W.3d 15, 21 (Mo. App. E.D. 2015). "To satisfy the prejudice prong, the movant must demonstrate that the claimed error was sufficiently serious that, if it had been raised, there is a reasonable probability the outcome of the appeal would have been different." *Id.* at 22. In reviewing such a claim, we are not required to consider both prongs; if the movant fails to satisfy one prong, we need not consider the other. *Id.*

*Rector*, 632 S.W.3d at 872.

> "To prevail on a claim of ineffective assistance of appellate counsel, the movant must establish that counsel failed to raise a claim of error that

was so obvious that a competent and effective lawyer would have recognized and asserted it." *Williams v. State*, 168 S.W.3d 433, 444 (Mo. banc 2005). Movant must demonstrate that had appellate counsel raised the allegation of error, there is a reasonable probability that the outcome of the appeal would have been different. *Taylor v. State*, 262 S.W.3d 231, 253 (Mo. banc 2008) (*citing Smith v. Robbins*, 528 U.S. 259, 285, 120 S.Ct. 746, 764, 145 L.Ed.2d 756 (2000)).

***Mallow v. State***, 439 S.W.3d 764, 770 (Mo. banc 2014).

There is no duty for appellate counsel to raise every possible issue asserted in a motion for new trial on appeal "where appellate counsel strategically decides to winnow out arguments in favor of other arguments." ***Hosier v. State***, 593 S.W.3d 75, 87 (Mo. banc 2019) (quoting ***Storey v. State***, 175 S.W.3d 116, 148 (Mo. banc 2005)).

<u>Point on Appeal</u>

In his only point on appeal, Ellswood claims appellate counsel was ineffective for failure to raise a claim of error on direct appeal that the trial court erred in denying his "second request for a psychiatric examination" pursuant to section 552.020. He asserts a reasonably competent attorney would have recognized the trial court error and asserted such error on direct appeal and there was a reasonable probability that the appellate court would have reversed his convictions based on such error.

*Analysis*

Section 552.020 provides the statutory scheme for mental evaluations of criminal defendants to determine whether they are competent to stand trial. Section 552.020 provides that a judge who has reasonable cause to believe that the accused lacks mental fitness to proceed may order, on its own motion or the motion of either party, the state or a defendant, that the accused undergo a psychiatric examination to determine competency. Section 552.020.2. A report of that examination is to be filed with the trial

11

court.  *Id.*  Within 10 days after the filing of the report, both the defendant and the State shall, upon written request, be entitled to an order granting them a second mental examination at their own expense:

> Within ten days after the filing of the report, both the accused and the state shall, upon written request, be entitled to an order granting them an examination of the accused by a psychiatrist or psychologist, as defined in section 632.005, or a physician with a minimum of one year training or experience in providing treatment or services to persons with an intellectual disability or developmental disability or mental illness, of their own choosing and at their own expense.

Section 552.020.11(2).

"[T]here is an absolute right to a second examination at the expense of the party requesting same after a timely motion."  *State v. Collier*, 624 S.W.2d 30, 33 (Mo. App. E.D. 1981).  However, the rights under section 552.020 are personal to a defendant and may be waived.  *State v. McBane*, 904 S.W.2d 548, 551 (Mo. App. W.D. 1995); *Anderson v. State*, 493 S.W.2d 681, 684 (Mo. App. Spfld.D. 1973); *see also State v. Chambers*, 481 S.W.3d 1, 5 (Mo. banc 2016) (stating that it is well established that a statutory right may be waived either expressly or impliedly, and it may be implied by conduct when a party's conduct clearly and unequivocally shows a purpose to relinquish a known right).  Here, the record reflects Ellswood initially challenged the report finding him competent to proceed by filing his Request for Second Mental Evaluation, but that he failed to bring his motion before the trial court for ruling.  Ellswood withdrew his plea of not guilty by reason of mental disease or defect, never objected to the trial court finding him competent to proceed, and expressly waived his Request for Second Mental Evaluation when he appeared before the trial court at the pretrial hearing on October 12, 2018.  *See McBane*, 904 S.W.2d at 551 (finding that a defendant may waive his right to a

12

second mental evaluation afforded by section 552.020). Ellswood's mental health history, including his previous competency determinations, was discussed at some of those pretrial hearings but Ellswood failed to bring his Request for Second Mental Evaluation to the trial court's attention for ruling.

At pretrial hearings on March 28, 2018, June 7, 2018, and October 10 and 12, 2018, the trial court painstakingly went through each and every motion Ellswood filed prior to trial. The trial court repeatedly expressed its intent to address each motion before it. At the conclusion of the pre-trial conference, the trial court asked Ellswood to "please, review the docket sheet, and please advise [it] of any other motions that [he had] filed" and wished for the trial court "to rule on that [it had] not already ruled." Ellswood assured the trial court that it had addressed each motion Ellswood had wanted it to rule on and that he was withdrawing "[a]nything else that's written on there[.]" Accordingly, the trial court pronounced any motion not ruled upon shown as withdrawn by Ellswood. The record supports the trial court's finding that Ellswood was aware of his Request for Second Mental Evaluation when he withdrew all of his unresolved motions, as he criticized his trial counsel during sentencing for filing the request. Ellswood's statutory right to a second mental evaluation was personal to him; he was allowed to withdraw, or waive, his statutory right and expressly did so. A reasonably competent attorney would not have asserted the waived issue on direct appeal. Ellswood failed to meet his burden of establishing the performance prong of the *Strickland* test. Further, because the record supports Ellswood waived his statutory right to a second mental evaluation, Ellswood failed to show there was a reasonable probability that, but for appellate counsels' unprofessional errors, the result of the appeal would have been different. ***Mallow***, 439

13

S.W.3d at 770 (holding that to establish the prejudice prong of the *Strickland* test for ineffective assistance of appellate counsel, a movant "must demonstrate that had appellate counsel raised the allegation of error, there is a reasonable probability that the outcome of the appeal would have been different"). Therefore, Ellswood also failed to meet his burden establishing the prejudice prong under the *Strickland* test.

## Conclusion

The motion court did not clearly err in denying Ellswood's claim that his appellate counsel provided ineffective assistance of counsel. The trial court's Order and Judgment denying Ellswood's Rule 29.15 motion for post-conviction relief is affirmed.

JENNIFER R. GROWCOCK, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS